**STATE of Tennessee, Appellee,**

v.

**Roger MATTHEWS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 7, 1993.

Permission to Appeal Denied by Supreme Court May 10, 1993.

John S. Anderson, Rogersville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Ellen H. Pollack, Sp. Asst. Atty. Gen., Nashville, C. Berkeley Bell, Jr., Dist. Atty. Gen., Doug Godbee, Asst. Dist. Atty. Gen., Greeneville, for appellee.

## OPINION

SUMMERS, Judge.

The appellant, Roger Matthews, was found guilty of burglary and theft of property valued at $500.00 or less. The trial court sentenced the appellant to five years imprisonment as a multiple offender with a 35% release eligibility date. This is a direct appeal of the judgment entered by the trial court.

The appellant presents two issues on appeal: (1) whether the evidence was sufficient to support his convictions for burglary and theft of property with a value of less than $500.00; and (2) whether the trial court erred in sentencing him to five years imprisonment as a multiple offender with a release eligibility date of 35%.

## FACTS

Wayne Parvin, a farmer who lived in Hawkins County, Tennessee, owned a double-bottom Deerborne plow. Mr. Parvin discovered his plow missing from his barn around January 18, 1990. Boards had been laid down in the mud to carry the plow out of the barn and down a hill. Mr. Parvin later found the plow on the property of Junior Benton. Mr. Benton testified that he purchased the plow from the appellant and Benny Burrell

for $60.00. It was not until later that Mr. Benton learned that the plow had been stolen.

Jerry Burrell testified that in January 1990 at approximately 2:30 p.m. he was approached by the appellant in a small blue car. A Michelle Benton and Dennis Ward were also in the vehicle. He stated that appellant was looking for his brother Benny. Appellant then offered Jerry $10.00 to help him "load a plow." Jerry Burrell declined the offer.

Benny Burrell also testified at trial. His testimony is at times contradictory and confusing. On direct examination, he stated that appellant asked for his help in taking a plow from Wayne Parvin's barn. Benny agreed. They drove to Mr. Parvin's and dragged the plow from the barn using planks lined across the ground towards their car. They then drove the plow to Junior Benton, who paid the appellant $60.00 for the plow. On cross-examination, Mr. Burrell first seemed to corroborate his own testimony on direct:

Q. How many people does it take to carry these plows?

A. Well, it just took me and him to load them.

Mr. Burrell's answer on direct seemed to confirm that he and the appellant had taken the plow. On further questioning, however, he indicated that appellant was not involved until after the plow was removed from the barn.

Q. [I]sn't it true that ... Dennis Ward and Michelle was [sic] with you and you all loaded these up down at the barn and you went up to Roger's house. That's where you got together with Roger, wasn't it?

A. Yes, sir.

Q. And you all loaded them up and went to Roger's house and got Roger and then you went to Junior Benton's to sell the plows, didn't you?

A. Yes, sir.

Q. Okay, then when you went to Junior Benton's, Roger talked to Junior, got the money, and gave you the money, didn't he?

A. Yeah.

On redirect examination Benny Burrell was again asked who was with him when he went to the barn. He stated that the appellant and Michelle were with him. On recross-examination, Mr. Burrell again seemed to contradict himself.

Q. [W]hen did you get together with Roger? You testified the first time on direct that you got together with Roger at his house—at his mother's house?

A. That's right.

Q. Then you took the plows to Junior Benton's?

A. Yes, sir.

Q. Okay, so when you got together you already had the plows, didn't you?

A. Well, yeah.

Tammy Matthews, the appellant' wife, was then called to testify. Mrs. Matthews stated that in January 1990 between 4:00 and 5:00 p.m. she was with the appellant at his mother's house when a white and blue car pulled up with Benny Burrell in it. A girl and a boy were in the car with Benny. The car was a hatchback, and she testified that she saw a plow in the hatchback section of the car. Benny asked the appellant if he knew of anyone who wanted to buy a plow, and appellant informed him that Junior Benton might be interested. She stated that Benny then told the appellant that he could not go to Benton's place because he owed Benton money. He asked appellant to go with him. Appellant then got in the car and went to the Benton's with Benny Burrell.

Similar testimony comes from Allen Killian, Ms. Matthews' brother, who stated that he was also present at the time Benny Burrell arrived in a blue car. He testified that he did not leave the porch of the house when the car arrived and that he did not know the people in the car. He did, however, see the appellant leave in the car with Mr. Burrell.

Sheriff Wayne Clevinger of Hawkins County testified that he took a statement from the appellant concerning the incident. In the statement the appellant says that he was at his mother's house when Benny Bur-

rell and another man he did not know drove up in a light blue Ford Escort. They told him that they had a plow to sell. He responded that Junior Benton wanted to buy a plow. He was asked to go with them because Benny owed Mr. Benton some money. He stated that he thought the plow was stolen but went anyway. Mr. Benton gave him $60.00 for the plow which he gave to Benny after the transaction. He stated that he did not get any money for selling the plow.

## ISSUES

█ Appellant asserts that the evidence presented at trial was insufficient to support his convictions of burglary and theft of property under $500.00.

█ In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Williams*, 657 S.W.2d 405 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. *State v. Grace*, 493 S.W.2d 474 (Tenn.1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

█ Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Duncan*, 698 S.W.2d 63 (Tenn.1985); Rule 13(e), T.R.A.P. The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield*, 676 S.W.2d 542 (Tenn.

1984); *Byrge v. State*, 575 S.W.2d 292 (Tenn. Crim.App.1978).

Under T.C.A. § 39–14–402:

(a) A person commits burglary who, without the effective consent of the property owner:

    (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony or theft;

    (2) Remains concealed, with the intent to commit a felony or theft, in a building;

    (3) Enters a building and commits or attempts to commit a felony or theft; or

    (4) Enters any freight or passenger car, automobile, truck, trailer or other motor vehicle with intent to commit a felony or theft.

T.C.A. § 39–14–402(a).

A person commits theft of property under T.C.A. § 39–14–103 if "with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent."

In the present case, the only evidence that the appellant stole the plow from Wayne Parvin's barn comes from the testimony of Benny and Jerry Burrell. Benny's testimony· on direct clearly inculpates appellant for the burglary and theft. On cross-examination, however, he seems to indicate that he and two other people stole the plow before the appellant became involved. On redirect, Mr. Burrell returns to the first version of his story, stating that it was the appellant who accompanied him to steal the plow from the barn. Then on recross, he again becomes confused and seemingly contradicts his prior inculpatory testimony against appellant.

█ It is a rule of law in Tennessee that contradictory statements by a witness in connection with the same fact cancel each other. *Taylor v. Nashville Banner Pub. Co.*, 573 S.W.2d 476, 482 (Tenn.Ct.App.1978). In *Johnston v. Cincinnati N.O. & T.P. Ry. Co.*, our Supreme Court stated:

The question here is not one of the credibility of a witness or of the weight of evidence; but it is whether there is any evidence at all to prove the fact. If two witnesses contradict each other, there is proof on both sides, and it is for the jury to

say where the truth lies. But if the proof of the fact lies wholly with one witness, and he both affirms and denies it, and there is no explanation, it cannot stand otherwise than unproven. For his testimony to prove it is no stronger than his testimony to disprove it, and it would be mere caprice in a jury upon such evidence to decide it either way.

146 Tenn. 135, 240 S.W. 429, 436 (1922).

█ This rule of cancellation applies only when inconsistency in a witness' testimony is unexplained and when neither version of his testimony is corroborated by other evidence. *Taylor,* 573 S.W.2d at 483.

In the instant case, the inconsistency in Benny Burrell's testimony can be explained. Jerry Burrell testified that he was approached by the appellant at around 2:30 p.m. on the day in question. Appellant asked Jerry to help him "load a plow." This testimony corroborates that of Benny Burrell's, and when viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of burglary and theft beyond a reasonable doubt. *State v. Duncan, supra.* This issue is without merit.

Appellant asserts in his second issue that the trial court erred in sentencing him to five years in prison as a Range II multiple offender. Appellant received five years on his conviction of burglary with a concurrent sentence of 11 months and 29 days at 75% for theft of property.

We have reviewed appellant's involvement in these crimes and his criminal record. In accordance with T.C.A. § 40–35–401(d), we conduct a *de novo* review of appellant's sentence with a presumption that the determinations made by the trial court are correct. Finding no error, we affirm appellant's sentence as to both counts.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed in all respects.

DWYER and PEAY, JJ., concur.