IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 28, 2000 Session

## STATE OF TENNESSEE v. NATHANIEL ALLEN

**Appeal as of Right from the Circuit Court for Hamblen County**
**No. 99-CR-088    James Edward Beckner, Judge**

---

**No. E1999-02209-CCA-R3-CD**
**October 19, 2000**

---

The appellant, Nathaniel Allen, was convicted by a jury in the Hamblen County Circuit Court of one count of delivery of more than .5 grams of cocaine, a class B felony. The trial court sentenced the appellant to twelve years incarceration in the Tennessee Department of Correction, as a Range I offender, with thirty percent release eligibility and assessed a fine of $ 7,500. The appellant presents the following issues for our review: (1) whether the evidence in this case is sufficient to sustain a verdict of guilt beyond a reasonable doubt; (2) whether the testimony, under oath, of Tonya Acuff was so contradictory as to have been subject to cancellation; (3) whether the court=s decision to send items to the jury room in this case was improper to the extent that it included typed transcripts of tapes not offered as evidence; (4) whether it was improper for the court to align one of the tapes introduced into evidence by the State in this case to a particular phrase so that the jury heard that phrase immediately upon turning on the tape recorder; (5) whether sentencing in this case was excessive and whether the court properly applied statutory guidelines in delivering a sentence in this case; (6) whether if, in fact, the trial court had no alternative but to give a twelve-year sentence in this case according to the Tennessee sentencing guidelines, then are those guidelines constitutional both in terms of the United States and Tennessee constitutions. Upon review of the record and the parties= briefs, we affirm the appellant=s convictions, but modify his sentence to ten years.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed as Modified.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES, and JAMES CURWOOD WITT, JR., JJ., joined.

Greg Eichelman, Morristown, Tennessee, for the appellant, Nathaniel Allen.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Counsel for the State, Chris Scruggs, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

## I. Factual Background

On December 9, 1998, Officer Tim Ward and a confidential informant, Tonya Acuff, arranged to meet the appellant at his brother=s home for the purpose of buying drugs. Acuff was wired for sound and two separate tapes of the exchange were made; one tape was controlled by Officer Todd Davidson at a remote location, and the second tape was recorded on a device located on Acuff=s person. When the appellant arrived at the residence, he and Acuff went into the bathroom where Acuff gave the appellant two hundred dollars in exchange for twelve rocks of crack cocaine. The appellant told Acuff, in reference to the cocaine that he handed her, AThat=s wet; I just made that.@ Acuff then exited the bathroom and left the premises with Officer Ward.

A jury in the Hamblen County Circuit Court convicted the appellant of one count of delivery of more than .5 grams of cocaine, a class B felony. The trial court sentenced the appellant to twelve years incarceration in the Tennessee Department of Correction, as a Range I offender and assessed a fine of $ 7,500. The appellant presents the following issues for our review: (1) whether the evidence in this case is sufficient to sustain a verdict of guilt beyond a reasonable doubt; (2) whether the testimony, under oath, of Tonya Acuff was so contradictory as to have been subject to cancellation; (3) whether the court=s decision to send items to the jury room in this case was improper to the extent that it included typed transcripts of tapes not offered as evidence; (4) whether it was improper for the court to align one of the tapes introduced into evidence by the State in this case to a particular phrase so that the jury heard that phrase immediately upon turning on the tape recorder; (5) whether the sentencing in this case was excessive and whether the court properly applied statutory guidelines in delivering a sentence in this case; (6) whether if, in fact, a trial court had no alternative but to give a twelve-year sentence in this case according to the Tennessee sentencing guidelines, then are those guidelines constitutional both in terms of the United States and Tennessee constitutions.[1]

## II. Analysis
### A. Cancellation

The appellant argues that the testimony, under oath, of Tonya Acuff was so contradictory as to have been subject to cancellation. In Tennessee, Acontradictory statements by a witness in connection with the same fact cancel each other out.@ State v. Matthews, 888 S.W.2d 446, 449 (Tenn. Crim. App. 1993). However, the appellant=s argument on this point is less than clear because the appellant does not precisely pinpoint the testimony that he believes is contradictory. Moreover, although the appellant acknowledges that this court cannot assess witness credibility, he proceeds to argue that because of her prior drug abuse, Acuff, as a witness, was not credible and

---

[1] Although the appellant mentions issue (6) in his brief, he does not pursue the argument. Therefore, we will not address this issue in this opinion. Tenn. R. App. P. 27(a)(7); see also State v. Dickerson, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993).

should not be believed. Assessing witnesses credibility and the weight to be given to their testimony is not a job for this court. State v. Pruett,788 S.W.2d 559, 561 (Tenn. 1990).

The appellant appears to argue that Acuff admitted at trial that she returned to the residence after the drug bust and retrieved from a hole in the wall of the residence the two hundred dollars she purportedly paid the appellant for cocaine. The exact testimony the appellant cites is as follows:

Q: And is this that when you went back to that little hole to get the two hundred dollars out?
State: Objection, Your Honor. She said she didn=t know about the hole.
Court: Overruled.
Q: Ma=am?
A: Yes, sir.

The appellant claims that this testimony is inconsistent because Acuff is admitting that she put the two hundred dollars in a hole at the residence for her later retrieval instead of giving it to the appellant for drugs. However, it is not entirely clear from the transcript that Acuff is admitting anything. She could merely be acknowledging that the appellant=s counsel was proceeding with cross-examination. Appellant=s counsel failed to clarify which question Acuff was responding to.

Moreover, even if this statement is inconsistent, the Arule of cancellation applies only when inconsistency in a witness= testimony is unexplained and when neither version of his testimony is corroborated by other evidence.@ State v. Matthews, 888 S.W.2d 446, 450 (Tenn. Crim. App. 1993). The line of questioning that the appellant relies upon occurred after Acuff had repeatedly denied knowing to what Ahole@ appellant=s counsel was referring. Additionally, Acuff repeatedly testified that she gave the appellant two hundred dollars for the cocaine. Moreover, on the tape, Acuff can be heard counting out two hundred dollars before handing it to the appellant for cocaine. This is sufficient corroboration to withstand cancellation.

The appellant further argues that statements Acuff made in court are inconsistent with statements she made on the tapes and are therefore subject to cancellation. Specifically, the appellant claims that Acuff testified that the appellant told her that the cocaine was wet because it was freshly cooked. In contrast, the appellant points to statements on the tapes where Acuff claims to have Agot[ten] that wet,@ and where she says that the appellant Astuck it down in the wet [stuff].@ However, the statements Acuff made on the tape are not sworn testimony. State v. Edwards, No. W1999-00591-CCA-R3-CD, 2000 WL 674671, at *3, (Tenn. Crim. App. at Jackson, May 16, 2000). Prior inconsistent statements by a witness that are not sworn testimony merely raise credibility issues for the trier of fact to resolve. Id. Moreover, additional evidence corroborated Acuff=s testimony that the appellant said that the cocaine was wet because it was freshly cooked. On one of the tapes the State introduced into evidence, the appellant claimed, in reference to the cocaine, AThat=s wet; I just made that.@ Furthermore, Officer Davidson testified that, in his opinion, when someone refers to drugs as being Awet,@ that means the drugs have been freshly cooked. Therefore, the rule of cancellation does not apply.

B. Sufficiency of the Evidence

The appellant also contends that the evidence in this case was insufficient to sustain a verdict of guilt beyond a reasonable doubt. This court accords considerable weight to a jury≤s verdict of guilt in a criminal trial. Essentially, a jury conviction removes the presumption of innocence the appellant had at trial and replaces it with one of the appellant≤s guilt on appeal. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Accordingly, the appellant carries the burden of demonstrating to this court why the evidence will not support the jury≤s findings. Id. Furthermore, the appellant must establish that no Areasonable trier of fact@ could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e).

Moreover, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Put another way, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. Pruett,788 S.W.2d at 561.

To sustain the appellant≤s conviction, the State had to prove that the appellant knowingly delivered over .5 grams of cocaine to Acuff. Tenn. Code Ann. ' 39-17-417(a)(2)&(b)(1997). The State introduced testimony by Officer Davidson, Officer Ward, and Acuff that Acuff was thoroughly searched before and after this operation to prevent fraud and that no drugs were found on Acuff≤s person, in her car, or in her pocketbook during the search. They asserted that Acuff entered the residence with two hundred dollars and exited with twelve rocks of crack cocaine. Furthermore, Acuff testified that, when she entered the bathroom with the appellant, she gave him two hundred dollars and he handed her approximately twelve rocks of crack cocaine that he had just made. Additionally, Officer Ward testified that no one else went into the bathroom with the appellant and Acuff. Moreover, both tapes that were introduced into evidence support Acuff≤s story. Furthermore, the State introduced a lab report stating that 1.2 grams of cocaine were recovered from Acuff after the drug sale. This constitutes sufficient evidence for a reasonable trier of fact to conclude that the appellant was guilty of delivery of cocaine beyond a reasonable doubt.

C. Transcripts

The appellant alleges that the court≤s decision to send items to the jury room was improper to the extent that it included typed transcripts of tapes not offered as evidence. Initially we note that, although the appellant claims the transcripts were never introduced as exhibits, both transcripts were in fact marked as exhibits. State v. Lawson, No. 01C01-9607-CR-00320, 1997 WL 661483, at *11, (Tenn. Crim. App. at Nashville, October 24, 1997). Moreover, the appellant himself introduced one of the tapes and one of the transcripts into evidence. Tenn. R. Crim. P. 30.1 states that

> Upon retiring to consider its verdict the jury shall take to the jury room all exhibits and writings which have been received in evidence, except depositions, for their examination during deliberations, unless the court, for good cause, determines that an exhibit should not be taken to the jury room.

Furthermore, the Advisory Commission Comments following the rule state that this rule is mandatory unless the judge determines that an exhibit should not be submitted to the jury because Athe exhibit may endanger the health and safety of the jurors, the exhibit may be subjected to improper use by the jury, or a party may be unduly prejudiced by submission of the exhibit to the jury.@ Id.; see also Lawson, 1997 WL 661483, at *11.

Furthermore, the trial court admonished the jury to only consider the transcripts as aids in listening to the tapes, and any discrepancies between what the jurors heard on the tapes and what was written in the transcripts were to be solved in favor of what the jurors heard on the tapes. State v. Barnard, 899 S.W.2d 617, 623-624 (Tenn. Crim. App. 1994). Additionally, the appellant made no objection when the transcripts were first introduced at trial. See State v. Killebrew, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988)(stating defendant=s failure to object on any ground to the admission of evidence resulted in the waiver of issue of proper admissibility). This issue is without merit.

### D. Pre-set tape

The appellant further argues that it was improper for the court to align one of the tapes introduced into evidence by the State in this case to a particular phrase so that the jury heard that phrase immediately upon turning on the tape recorder. After deliberating for two hours, the jury sent a request to the trial judge for assistance in finding a particular phrase on one of the tapes. The jurors could see the phrase on one of the transcripts but could not find it on the tape.[2] Without commenting on the evidence, the judge found the phrase and sent the tape back to the jury room. The appellant claims that this was undue emphasis by the trial judge of the State=s evidence. We disagree.

The trial court made no comment about the evidence and did not set the tape to a particular phrase until the jury requested. See State v. Fair, No. 02C01-9493-CR-00055, 1995 WL 686105, at *6 (Tenn. Crim. App. at Jackson, November 15, 1995). Furthermore, the jury already had the tapes in the jury room during deliberation; all the jury requested was assistance in finding a phrase on the tape. Accordingly,

> the court [did] not emphasize the evidence by permitting the jury to rehear what they wish to hear in carrying out their task of determining the facts in a case. If there is any emphasis being placed on the evidence, it is being placed there by the jury.

State v. Jenkins, 845 S.W.2d 787, 792 (Tenn. Crim. App. 1992). Furthermore, even if the judge did commit error by pre-setting the tape for the jury, the error is harmless because the testimony of the officers, the testimony of Acuff, and the transcript also confirmed that the appellant stated that he had just made the crack cocaine. This issue is without merit.

### E. Sentencing

---

[2] The jurors wanted to hear the appellant say, on the tape, AThat=s wet; I just made that.@

The appellant maintains that the sentencing in this case was excessive. Appellate review of the length of a sentence is de novo. Tenn. Code Ann. ' 40-35-401(d)(1997). Furthermore, the appellant bears the burden of demonstrating the impropriety of his sentence to this court. Tenn. Code Ann. ' 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court=s determinations a presumption of correctness. Tenn. Code Ann. ' 40-35-401(d); Ashby, 823 S.W.2d at 169.

This court considers the following factors in conducting its de novo review: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. ' 40-35-102, -103, -210 (1997). See also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991).

Initially, we note that the trial court erroneously stated that, because the appellant had been convicted of a Class B felony, the appellant=s presumptive sentence was ten years, which is the midpoint of the eight to twelve year range for a Class B felony. In sentencing,

> [t]he presumptive sentence for a *Class B*, C, D and E felony shall be the *minimum* sentence in the range if there are no enhancement or mitigating factors. The presumptive sentence for a *Class A* felony shall be the *midpoint* of the range if there are no enhancement or mitigating factors.

Tenn. Code Ann. ' 40-35-210(c)(1997)(emphasis added). Therefore, the starting point in the trial court=s analysis should have been eight years, the minimum sentence for a Class B felony. As a result, we will review the appellant=s sentence without a presumption of correctness.

The trial court found that two enhancement factors applied to the appellant. First, the trial court found that the appellant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. Tenn. Code Ann. ' 40-35-114(1)(1997). The appellant had a history of one driving under the influence conviction and one driving on a revoked license conviction. Additionally, the appellant had previous juvenile convictions of assault and shoplifting. The trial court stated:

> There is not a huge history of criminal convictions, nor a history of felonies. But there is history of criminal convictions or criminal behavior. And none of those are necessary to establish the appropriate range.

We agree with the trial court=s finding that this enhancement factor applies to the appellant.

Moreover, the trial court found a violation of Tenn. Code Ann. ' 40-35-114(8) because the appellant had previously violated the terms of probation by driving inappropriately on a temporary license. The trial court noted, AThat=s not the most egregious enhancement factor [(8)] I=ve seen, but it is a consideration.@ Once again, we believe the trial court correctly applied this enhancement factor to the appellant=s sentences.

However, the appellant=s main contention is that the trial court erred by failing to find the existence of any mitigating factors.  Specifically, the appellant argues that the following factors are applicable in the instant case:

> (1) the appellant=s criminal conduct neither caused nor threatened serious bodily injury;
>
> (2) the appellant acted under strong provocation;
>
> (3) substantial grounds exist tending to excuse or justify the appellant=s criminal conduct, though failing to establish a defense;
>
> (4) the appellant played a minor role in the commission of the offense;
>
> (11) the appellant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct; and,
>
> (12) the appellant acted under duress or under the domination of another person, even though the duress or the domination of another person is not sufficient to constitute a defense to the crime.

Tenn. Code Ann. ' 40-35-113(1)-(4)&(11)-(12)(1997).  We agree with the trial court that the ennumerated mitigating factors do not apply.

The appellant argues that his conduct neither caused nor threatened serious bodily injury.  Tenn. Code Ann. ' 40-35-113(1).  However, the appellant further notes, correctly, that Athis court has held this factor should not be applied when the defendant is convicted of an offense involving cocaine.@ State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997). The trial court correctly refused to apply this factor.

The appellant claims that this court should reconsider our refusal to apply this factor in cases involving cocaine.  He maintains that, if this court stands by its position,

> there is no way to differentiate between a drug sale made in a public area, around children and armed with loaded weapons from a drug transaction occurring between consenting adults in the privacy of a bathroom.

The appellant overlooks the fact that the drug-free school zones act enhances a felony by one classification if it occurred withing 1000 feet of a school zone, enhancement factor (9) could be applied if Athe defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense, and a private drug sale is no more legal than a drug sale committed in a public place.  Tenn. Code Ann. ' ' 39-17-432(b)(1997), 40-35-114(9). This issue is without merit.

The appellant repeatedly argues that, without the contacts of Acuff, this drug sale would never have occurred.  He claims that, therefore, his role in the offense was minor and that Acuff provoked his actions, proving he had no sustained intent to violate the law.  However, the appellant=s role in this offense was not minor.  He made 1.2 grams of cocaine and sold it to Acuff soon thereafter.  The argument that he was provoked into the drug sale has no merit.  Moreover, the fact that the appellant made the crack cocaine and immediately sold it indicates that he had a

sustained intent to violate the law. The trial court correctly ruled that factors (2)-(4) and (11)-(12) do not apply to the appellant.

Although the trial court erred in its determination that the correct starting point was the midpoint of the range, the trial court nevertheless correctly applied all of the enhancement and mitigating factors to the appellant. Because there were two enhancement factors and no mitigating factors, the appellant≒s sentence should be above the eight year minimum. Accordingly, we modify the appellant≒s sentence from twelve years to ten years incarceration in the Tennessee Department of Correction.

### III. Conclusion

Based upon the foregoing, we affirm the appellant≒s conviction, but modify his sentence to ten years.

_____
NORMA McGEE OGLE, JUDGE