# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 18, 2001

## STATE OF TENNESSEE v. CAYLE WAYNE HARRIS

**Appeal from the Circuit Court for Giles County**
**Nos. 8641, 8642     Robert L. Jones, Judge**

---

**No. M2000-02143-CCA-R3-CD - Filed October 12, 2001**

---

The defendant, Cayle Wayne Harris, was convicted of three counts of rape of a child. The jury assessed a fine of $50,000 for each count and the trial court imposed sentences of twenty-one years for each offense, two terms to be served concurrently and one to be served consecutively. The effective sentence is, therefore, forty-two years. In this appeal of right, the defendant contends that the evidence was insufficient. The judgments are affirmed.

**Tenn. R. App. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee (on appeal); and Robert H. Stovall, Pulaski, Tennessee (at trial and on appeal), for the appellant, Cayle Wayne Harris.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General; Mike Bottoms, District Attorney General; and Richard Dunavant, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was the boyfriend of the mother of the two male victims. BT,[1] who was born on November 6, 1987, and RT, who was born on July 31, 1989, lived in a trailer with their mother and younger brother. Sometimes their older sister resided with them. The defendant occasionally spent the night at the residence. BT testified that in 1997 he was asleep in his bedroom and awoke to find the defendant on top of him with "his thing in my butt." He described the penetration as "a little ways." According to BT, his mother entered the room and ordered the defendant to leave. BT also testified to a second incident, almost identical in circumstances to the first, except that his mother was not a witness. RT testified that the defendant "stuck his thing in our butt[s]" and that

---

[1]It is the policy of this court to withhold the identity of minor victims of sex crimes.

it hurt. On cross-examination, both boys admitted telling different versions of the incidents during the course of the investigation. Each, however, testified that the defendant had accomplished anal penetration.

The defendant was sentenced and judgment was entered on July 13, 2000. The defendant filed a motion for new trial some ten days beyond the thirty-day time limit provided for by Rule 33 of the Tennessee Rules of Criminal Procedure. Rule 45(b), which provides generally for the enlargement of time requirements under the rules, expressly prohibits extensions of time for the filing of a motion for new trial. The state cannot waive the thirty-day requirement. State v. Givhan, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980). Because Rule 33(b) is mandatory, a trial court does not have jurisdiction to entertain a late-filed motion for new trial. In our view, the trial court correctly concluded that it could not consider the grounds asserted for a new trial.

Because the defendant's motion for new trial was a nullity, it did not toll the thirty-day period for filing the notice of appeal. The defendant filed a notice of appeal on the same day as his motion for new trial. Because the notice was filed more than thirty days after the entry of judgment, it was also untimely. The timely filing of a notice of appeal is not, however, a prerequisite to the jurisdiction of this court. This court may waive the requirement in the interest of justice. Tenn. R. App. P. 4(a). While this court cannot review those grounds upon which a new trial was sought, it may review those issues which would result in dismissal. Tenn. R. App. P. 3(e); State v. Williams, 675 S.W.2d 499 (Tenn. Crim. App. 1984); see also Givhan, 616 S.W.2d at 613. That means that this court may only consider whether the evidence is sufficient to support the conviction.

The defendant, citing State v. Matthews, 888 S.W.2d 446 (Tenn. Crim. App. 1993), argues that, because each of the victims gave divergent accounts of the incidents during the police investigation, their testimony should not have been considered by the jury. The state points out that the rule of cancellation applies only when the contradictory statements are sworn. See Taylor v. Banner Publishing Company, 573 S.W.2d 476, 482 (Tenn. Ct. App. 1978); State v. Roger Dale Bennett, No. 01C01-9607-CC-00319 (Tenn. Crim. App., at Nashville, December 3, 1998).

On appeal the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); Williams, 657 S.W.2d at 410 (Tenn. 1983). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956). Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the

evidence was legally insufficient to sustain a guilty verdict. <u>State v. Evans</u>, 838 S.W.2d 185, 191 (Tenn. 1992).

Rape of a child, a Class A felony, is defined as follows:

(a) Rape of a child is the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if such victim is less than thirteen (13) years of age.

Tenn. Code Ann. § 39-13-522(a). Sexual penetration is defined as:

sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required

Tenn. Code Ann. § 39-13-501(7).

Here, the defense attempted to impeach both victims with prior inconsistent statements made during the course of the investigation, yet none of the prior statements were sworn. The rule of cancellation is typically limited to circumstances in which the witness has sworn to each statement. <u>Bowers v. Potts</u>, 617 S.W.2d 149, 154 (Tenn. Ct. App. 1981); <u>Price v. Becker</u>, 812 S.W.2d 597, 598 (Tenn. Ct. App. 1991). A witness's prior inconsistent statements may raise questions about their truthfulness; however, it is the duty of the jury to assess the credibility of that witness and determine the weight to be given their testimony. <u>Liakas</u>, 286 S.W.2d at 859. The jury chose to accredit the testimony of BT and RT. In our view, the rule of cancellation does not apply.

BT testified that the defendant had anally penetrated him on two occasions and RT testified that the defendant anally penetrated him on at least one occasion. In addition to accrediting the testimony of the victims, the jury rejected the claims of the defendant. That was their prerogative. Because a rational trier of fact could have found the essential elements of the crime as to each count, the evidence was legally sufficient to support the convictions. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979).

Accordingly, the judgments are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE