IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 16, 2011

**STATE OF TENNESSEE v. TERRI L. NEWSOME**

**Appeal from the Circuit Court for Williamson County**
**No. I-CR074251-C      Jeffrey S. Bivins, Judge**

_____

**No. M2011-00128-CCA-R3-CD - Filed October 17, 2011**

_____

The Defendant, Terri L. Newsome, was convicted by a Williamson County Circuit Court jury of theft of property under $500, a Class A misdemeanor. See T.C.A. §§ 39-14-103, -105 (2010). She was sentenced as a Range I, standard offender to eleven months, twenty-nine days, with ninety days' confinement and the remainder on supervised probation. On appeal, the Defendant contends that the evidence was insufficient to support her conviction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON P.J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Steven M. Garner, Franklin, Tennessee, for the appellant, Terri L. Newsome.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Kim R. Helper, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to a theft of items from a Party City retail store. The Defendant submitted a Statement of Evidence pursuant to Tennessee Rule of Appellate Procedure 24(c), which was approved by the trial court and the District Attorney's Office. According to the Statement of Evidence, the Defendant and her co-defendants Kimberly Whitworth, the Defendant's sister, and LaQuiese Beck, the Defendant's cousin, went to Ross' Department Store to buy items for the Defendant's newborn twins. The Defendant, Whitworth, and Beck

paid for their items without incident. Beck told the Defendant and Whitworth that she needed to go to Party City to get some things for her niece's birthday party. The Defendant, Whitworth, and Beck entered the Party City store.

At the trial, the State submitted a surveillance video from Party City that was recorded on March 31, 2009. The video showed the Defendant, Whitworth, and Beck enter Party City at 11:46 a.m., select a shopping cart, and walk out of the camera's sight. Beck grabbed a shopping cart, placed her purse in the cart, and, as noted in the Statement of Evidence, opened her purse "wide in an obvious attempt to ready it for quick access for concealment of items." The video showed the Defendant, Whitworth, and Beck being escorted from the store by store manager Steve Lurey about five minutes after they entered. The video was received as an exhibit.

Christy Kelley, an employee of Party City, testified that she was in the back of the store when she saw the three women. She said that she saw Beck place items in her purse while the Defendant and Whitworth watched for store employees and that she saw the Defendant assisting Beck. She stated that the Defendant, Whitworth, and Beck continued their actions as she walked past them. She told Mr. Lurey what she saw.

Steve Lurey testified that while he walked the women out of the store, they made statements. He heard one woman say she would call the police and another say, "Let's get the f--- out of here." He heard one woman state they should go Walmart. He wrote down the license plate number of Beck's van as the women drove away. He gave the police the license plate information, provided a description of the women, and said that they were going to Walmart.

Beck testified that she acted alone in taking the items from Party City. She said that neither the Defendant nor Whitworth was around her when she placed the items in her purse. She stated that the Defendant became upset when the manager accused them of theft and that the Defendant opened her purse for him to look inside. She said the Defendant stated as they walked out of Party City, "Come on, these people think all black people steal. Let's go to [Walmart]."

Whitworth testified that she did not steal any items and that she would have paid for the items if she had known that Beck had placed items in her purse. She did not know the women were going to Party City until Beck mentioned she wanted to go there. She became aware there was a problem when she heard the Defendant yell for her. She located the Defendant and Beck in the store and saw the Defendant open her purse for Mr. Lurey. She said the Defendant told Mr. Lurey, "I don't have any of your stuff." She said Beck said, "Let's go to [Walmart]." All three women left Party City.

Whitworth testified that Beck left the van while in the Walmart parking lot and went to the back of the van. She did not see what Beck did there. She said that she waited in the van while the Defendant and Beck went inside Walmart and that an officer approached as she waited. She said the officer asked to search the van. The officer searched the van and found the items taken from Party City.

Brentwood Police Officer Steve Holder testified that he went to Walmart after he heard the women's descriptions and possible location over the radio. He said that he saw Whitworth in the van in the Walmart parking lot. He said Whitworth told him that the Defendant and Beck were still inside. Officer Holder contacted Officer Swain, who told him that he found Beck leaving Walmart through the garden section with a shopping cart full of stolen items. Officer Holder said he saw the Defendant leave the store with a bag of items and a receipt for the items she purchased. The Defendant was not charged with theft for the items in Beck's possession as Beck left Walmart.

Officer Holder testified that he went to Party City to obtain a copy of and review the surveillance video. He said he interviewed Ms. Kelley, who told him that two individuals put items into Beck's purse.

On cross-examination, Officer Holder testified that Ms. Kelley initially reported that Beck took items while the Defendant and Whitworth acted as lookouts. He said that after he completed his report, Ms. Kelley told him she also saw the Defendant place items into Beck's purse. He said that he forgot to revise his report to show Ms. Kelley's additional statements about the Defendant.

The record shows that Beck pled guilty before the trial and that the jury acquitted Whitworth and found the Defendant guilty as charged. The trial court sentenced the Defendant to eleven months, twenty-nine days, with ninety days' confinement and the remainder on probation. This appeal followed.

The Defendant contends that the evidence is insufficient to support the conviction. She contends that Ms. Kelley's testimony that she saw two women place items in the purse at Party City was inconsistent with her original statement in the police report prepared by Officer Holder. The Defendant contends that because neither version of Mr. Kelley's events was supported by the evidence and no explanation was offered for the inconsistency, the rule of cancellation applies and the jury's verdict must be vacated. The State contends the evidence is sufficient to support the conviction. We agree with the State.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). This means that we may not reweigh the evidence but must presume that the trier of fact has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Any questions about the "credibility of the witnesses, the weight to be given to their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact." State v. Dotson, 254 S.W.3d 378, 395 (Tenn. 2008) (citing State v. Vasques, 221 S.W.3d 514, 521 (Tenn. 2007)); see State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

"A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103. Theft of property is a Class A misdemeanor "if the value of the property . . . obtained is five hundred dollars ($500) or less." T.C.A. § 39-14-105(1).

Taken in the light most favorable to the State, the record shows that Ms. Kelley testified that she saw the Defendant act as a lookout while Beck placed Party City merchandise in her purse. She said that as she moved further down the aisle, she saw the Defendant place Party City items into Beck's purse. The Defendant, Whitworth, and Beck left the store without paying for the items. Party City store manager Steve Lurey testified that he wrote down the license plate number of the van in which the Defendant, Whitworth, and Beck left. He said that he gave the police the license plate number, provided a description of the women, and said that they were going to Walmart.

Officer Holder testified that Ms. Kelley reported that two women were involved in the theft. Although Ms. Kelley did not initially tell Officer Holder about the Defendant's involvement in the theft, she told him after he completed his report. Officer Holder explained that he forgot to amend his report to include the additional information. He said that he went to Walmart and that he saw Beck's van in the parking lot with Whitworth sitting inside. Officer Holder searched the van and found items taken from Party City.

The Defendant argues that the inconsistency between Ms. Kelley's initial report and her trial testimony operates to cancel out her testimony and that the jury should not have considered it. This court has stated, "The rule of law in Tennessee is that contradictory statements made by a witness as to the same fact can cancel each other out . . . . However, this rule applies only when inconsistency in a witness's testimony is unexplained and when neither version of his testimony is corroborated by other evidence." Taylor v. Nashville Banner Publ'g Co., 573 S.W.2d 476, 482-83 (Tenn. App. 1978); see also State v. Matthews,

-4-

888 S.W.2d 446, 449 (Tenn. Crim. App. 1993).  Ms. Kelley testified that Beck placed items in her purse and that the Defendant and Whitworth stood as lookouts.  She stated that as she walked down the aisle, she saw the Defendant place items into the purse.  Although Ms. Kelley did not initially tell Officer Holder that she saw the Defendant take items and place them into Beck's purse, she told him after he completed his report.  Ms. Kelley's full report to Officer Holder did not contradict her trial testimony but rather added to it.  Officer Holder explained that he forgot to amend his report to reflect the additional information.  The rule of cancellation does not apply in this case.  Any questions about the "credibility of the witnesses, the weight to be given to their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact."  Dotson, 254 S.W.3d at 395.  The evidence is sufficient to support the Defendant's conviction, and she is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE