STATE of Tennessee, Appellee,

v.

Rupert O. GIVHAN, Jr. aka "Ricky Johnson" aka "Puddin", Appellant.

No. 8.

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 18, 1980.

Opinion on Denial of Rehearing
Jan. 22, 1981.

Permission to Appeal Denied by Supreme Court May 26, 1981.

Walker Gwinn, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Jerry L. Smith, Asst. Atty. Gen., Nashville, W. Fred Axley, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

The appellant was convicted by a jury on March 18, 1980, in the Criminal Courts of Shelby County for committing the offense of aggravated rape with confinement in the State Penitentiary for 15 years; robbery with a deadly weapon, confinement for 10 years; and burglary in the first degree, with confinement at not less than 5 nor more than 10 years. Judgment was imposed by the trial court promptly after the return of the verdicts on that date.

The appellant did not file his written motion for new trial until a paper writing styled Amended Motion for New Trial was filed on April 22, 1980, which was 35 days after entry of the verdicts.

With reliance on *Massey v. State*, 592 S.W.2d 333 (Tenn.Cr.App.1979), the

State urges that Tenn.R.Crim.P. 33 (b) preempts this court of jurisdiction and the appeal should be dismissed. The appellant contends that the failure to file a timely written motion for a new trial was waived by the State's attorney at the trial level, with the acquiescence of the trial judge. We disagree. In *State v. Reece*, released at Knoxville October 27, 1980, a similar contention as the appellant's was rejected by this court when Judge Tatum, writing for the court, had this to say:

"... As stated, the time requirement of Rule 33(b) is mandatory and jurisdictional. The trial court has no jurisdiction to extend the time requirement of the Rule, and neither does this court. The District Attorney General likewise is not empowered to extend this time requirement by express waiver or by failure to object when the trial judge attempts to do so. If the motion for a new trial is not filed within the time required, the trial judge loses jurisdiction, and the judgment on the jury verdict becomes final." *Massey v. State, supra.*

We are in accord with our colleague Judge Tatum. However, we think *Massey v. State* and *State v. Reece, supra,* may need some elaboration. While agreeing basically with those authorities we disagree with the holding that failure to follow the mandate of Tenn.R.Crim.P. 33(b) preempts this court of jurisdiction. The jurisdiction of this court attaches with the filing of the notice of appeal. Tennessee Rules of Appellate Procedure 3(e), 4(a). For example, once the trial jury returns a verdict, the appellant has 30 days from that verdict to file his written motion for a new trial regardless of when the judgment was entered. Tenn.R. Crim.P. 33(b). This is mandatory and failure to do so not only results in the appellant losing his right to have a hearing on the motion for new trial but also deprives him of any opportunity to argue on appeal the issues that should have been presented in the motion for new trial. T.R.A.P. 3(e). It does not divest this court of jurisdiction for that is secured by filing a notice of appeal within 30 days from the date of judgment, T.R.A.P. 4(a), or if appellant timely filed his motion for new trial, within 30 days from the entry of the order denying the motion for a new trial. T.R.A.P. 4(c). In the case *sub judice* the judgment was entered when the verdict was returned on March 18, 1980. With no written motion for new trial being filed within 30 days from verdict, appellant lost his right to argue this motion since Tenn.R.Crim.P. 33(b) is mandatory. Likewise, with no written motion for new trial suspending the judgment, that judgment became final 30 days later, and appellant's failure to timely file the notice of appeal within that framework divests this court of jurisdiction. T.R.A.P. 4(a). Accordingly, the State's motion to dismiss is sustained. The appeal is dismissed.

DAUGHTREY and BYERS, JJ., concur.

## OPINION ON PETITION TO REHEAR

DWYER, Judge.

The State, aggrieved by our holding that the failure to timely file a motion for new trial pursuant to Tenn.R.Crim.P. 33(b) does not preempt this court of jurisdiction, has respectfully petitioned for a rehearing. Tennessee Rule of Appellate Procedure 39(a). The State correctly points out, as does our opinion, that this holding conflicts with prior opinions of this court, *see Massey v. State*, 592 S.W.2d 333 (Tenn.Cr.App.1979) and *State v. Steve Reece*, unpublished opinion, released at Knoxville on October 27, 1980, and a subsequent opinion. *See State v. William Henderson and Clifford E. Scott,* unpublished opinion, released at Nashville on December 29, 1980.

The State contends our holding that jurisdiction of this court attaches with the timely filing of the notice of appeal, T.R. A.P. 3(e), 4(a), effectively emasculates the requirement of presenting and correcting errors in the trial court. Tenn.R.Crim.P. 33, T.R.A.P. 3(e). We disagree. As noted in our opinion, untimely filing of the motion for new trial waives appellant's right to present those issues on appeal. T.R.A.P. 3(e). The court, however, has the authority to review the record for apparent errors. Tenn.R.Crim.P. 52(b), T.R.A.P. 13(b), as-

suming a timely notice of appeal has been filed.

With our elaboration on *State v. Massey, supra,* and *State v. Steve Reece, supra,* in the initial opinion, the subsequent opinion of *State v. William Henderson and Clifford E. Scott, supra,* presents no issue that has not already been considered.

The petition to rehear is therefore denied at the cost of the State.

The Appellant has filed a response to the State's Petition. We direct his attention to T.R.A.P. 39(d).

DAUGHTREY and BYERS, JJ., concur.