IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2001

## STATE OF TENNESSEE v. WILLIAM EDWIN LAMBETH

**Direct Appeal from the Criminal Court for Dickson County**
**No. CR-4443    Allen W. Wallace, Judge**

---

### No. M2000-00882-CCA-R3-CD - Filed September 7, 2001

A Dickson County Grand Jury indicted the defendant for rape, and the defendant was convicted of the lesser-included offense of sexual battery. The defendant filed a timely motion for new trial, which was subsequently withdrawn. Almost two months later, the defendant filed a *pro se* motion alleging his motion for new trial was unilaterally and improperly withdrawn by counsel. Eventually, the trial court held that it lacked jurisdiction to hear the motion for new trial since the defendant's original motion had been withdrawn, and no timely motion was pending. On appeal, defendant contends the trial court's jury charge authorized the jury to convict based on lack of consent, when "force or coercion" was alleged in the indictment. We conclude the motion for new trial was not properly before the trial court, thereby waiving this issue. Nevertheless, we have examined the issue for plain error and conclude defendant's allegation of error is totally without merit. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

William B. Lockert, III, District Public Defender (at trial), and Timothy V. Potter, Dickson, Tennessee (on appeal), for the appellant, William Edwin Lambeth.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Carey J. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## PROCEDURAL BACKGROUND

The defendant was convicted of sexual battery, and the trial court sentenced him on July 23, 1999, to four years as a Range II multiple offender. The defendant timely filed a motion for new trial on August 16, 1999. On January 24, 2000, the defendant's trial counsel filed a motion to withdraw the motion for new trial, which was granted by order entered January 25, 2000. On March 15, 2000, the defendant filed a *pro se* motion to amend the "fraudulently withdrawn motion for new trial."

On May 24, 2000, the trial court appointed new counsel. On July 26th, the trial court ruled that it lacked jurisdiction to hear the motion for new trial because the defendant's timely motion for new trial had been withdrawn. The defendant's newly appointed counsel then appealed to this court.

The sole assignment of error in this appeal is whether the trial court erred in its jury charge relating to the elements of the sexual offenses. Specifically, defendant contends the indictment alleged sexual misconduct by "force or coercion," whereas the jury charge authorized a conviction based upon lack of consent. *See* Tenn. Code Ann. § 39-13-503(a)(1), (2).

## TIMELINESS OF MOTION FOR NEW TRIAL

### A. Standard of Review

A motion for new trial "shall be made . . . within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b). This provision is mandatory, and the time for filing may not be extended. *See* Tenn. R. Crim. P. 45(b); *see also* State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997); State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). The thirty (30) day provision is jurisdictional, and an untimely motion is a nullity. Dodson, 780 S.W.2d at 780. It deprives the appellant of the opportunity to argue on appeal any issues that should have been raised in the motion for new trial. Martin, 940 S.W.2d at 569. Furthermore, the untimely filing of a motion for new trial does not toll the time for filing a notice of appeal; thus, an untimely motion for new trial will also result in an untimely notice of appeal. *See* State v. Davis, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987). Unlike the untimely filing of the notice of appeal, this court does not have the authority to waive the untimely filing of a motion for new trial. *See* Tenn. R. App. P. 4(a); State v. Givhan, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980). However, this court, in its discretion, may take notice of plain error which affects a substantial right of the defendant where it may be necessary to do substantial justice. Tenn. R. Crim. P. 52(b); State v. Johnson, 980 S.W.2d 414, 418 (Tenn. Crim. App. 1998).

### B. Analysis

The defendant was sentenced on July 23, 1999, and the motion for new trial was filed on August 16, 1999, well within the thirty-day requirement. *See* Tenn. R. Crim. P. 33(b). The defendant then filed a motion to withdraw the motion for new trial, and the trial court entered an order withdrawing the motion for new trial on January 25, 2000. The attempt to revive the motion for new trial, filed almost two months later, was a nullity. Furthermore, the subsequently filed notice of appeal was untimely.

Nevertheless, we elect to waive the timely filing of the notice of appeal. We will address the merits of the assignment of error under the plain error doctrine.

## JURY INSTRUCTIONS

In this appeal, the defendant alleges his conviction must be reversed because the trial court instructed the jury that the state could prove rape and sexual battery by (1) force or coercion, or (2) lack of consent, while the indictment alleged only that the defendant "did unlawfully, feloniously, <u>forcibly</u>, <u>coercively</u>, intentionally or knowingly sexually penetrate [the victim] in violation of Tenn. Code Ann. § 39-13-503, a Class B Felony." (Emphasis added). The indictment did not expressly allege that the sexual penetration was "accomplished without the consent of the victim." *See* Tenn. Code Ann. § 39-13-503(a)(2).

The trial court instructed the jury on rape as follows:

For you to find the defendant guilty of [rape], the state must have proven beyond a reasonable doubt the existence of the following essential elements:

(1) that the defendant had unlawful sexual penetration of the alleged victim or the alleged victim had unlawful sexual penetration of the defendant; and

(2) that force or coercion was used to accomplish the act; <u>or</u>

(3) <u>that the sexual penetration was accomplished without the consent of the alleged victim and the defendant knew, or had reason to know, at the time of the penetration that the alleged victim did not consent</u>; and

(4) that the defendant acted intentionally, knowingly or recklessly.

(Emphasis added).

The trial court further instructed the jury on the lesser-included offense of sexual battery as follows:

-3-

For you to find the defendant guilty of [sexual battery], the state must have proven beyond a reasonable doubt the existence of the following essential elements:

(1) the defendant had unlawful sexual contact with the alleged victim in which the defendant intentionally touched the alleged victim's intimate parts, or the clothing covering the immediate area of the alleged victim's intimate parts; and

(2) that force or coercion was used to accomplish the act; [and]

(3) that the defendant acted intentionally, knowingly or recklessly.

Regardless of whether or not the jury charge was improper with regard to rape, an issue which we need not decide, defendant's argument must fail. The defendant was acquitted of rape, making the issue moot as to that charge. As to sexual battery, for which defendant was convicted, the jury charge required proof of "force or coercion" and makes no mention of lack of consent. According, the issue raised in this appeal is totally devoid of merit.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE

-4-