# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs August 5, 2003

## STATE OF TENNESSEE v. GLEN RAY GOODRUM

**Direct Appeal from the Circuit Court for Carroll County**
**No. 01CR-1680    Julian P. Guinn, Judge**

---

**No. W2001-02979-CCA-R3-CD  - Filed January 5, 2004**

---

Defendant, Glen Ray Goodrum, was found guilty of driving a motor vehicle after having been declared an habitual motor vehicle offender, in violation of Tennessee Code Annotated section 55-10-616(a), following a jury trial in the Carroll County Circuit Court.  The trial court sentenced him to serve two years in the Department of Correction, and ordered that he serve a community-based alternative in Community Corrections following one year of confinement.  The sentence was also ordered to be served consecutively to another sentence in an unrelated case.  Defendant has listed numerous issued for review, but has only briefed a portion of the issues.  He also failed to timely file his motion for new trial.  In addition, the transcript of the sentencing hearing is not included in the record.  This court's review is thus limited to Defendant's challenge to the sufficiency of the evidence, and a review of the judgment regarding sentencing.  After review, we affirm Defendant's conviction, but remand to the trial court for entry of an amended judgment.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Conviction Affirmed; Remanded for Amended Judgment**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellant, Glen Ray Goodrum.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; G. Robert Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The State's proof at trial showed that at approximately 3:00 a.m. on February 22, 2001, Patrolman Larry Blaylock of the McKenzie Police Department stopped Defendant, who was driving a vehicle at Walnut Lane and Walnut Circle in McKenzie.  Defendant was stopped because he had a broken taillight.  Investigation at the scene showed that Defendant was the only occupant of his

vehicle, and an NCIC computer check showed that Defendant's driver's license had been revoked, and he had been declared an habitual motor vehicle offender. Paul Newmon, the Circuit Court Clerk of Carroll County, identified and introduced into evidence, a copy of the order of the Carroll County Circuit Court declaring Defendant to be an habitual motor vehicle offender. The order was entered on March 27, 1996, and was signed by the circuit judge, the assistant district attorney general, and by Defendant. In compliance with the applicable statutes, Tennessee Code Annotated sections 55-10-601 *et. seq.*, the order prohibited Defendant from operating a motor vehicle in the State of Tennessee until further orders of the court. The order further provided that he could not have his driver's license reinstated until expiration of at least three years from March 27, 1996. Furthermore, the order correctly reflected that for Defendant to have his driving privileges reinstated, the Circuit Court would be required to enter an order providing same.

Following a sentencing hearing, judgment was entered on the conviction on August 13, 2001. In order to be timely filed, the motion for new trial had to be filed within thirty days, or by September 12, 2001. September 12, 2001 was not a weekend or legal holiday which would grant an extension for filing the motion for new trial. Tenn. R. Crim. P. 45(a). The motion for new trial was not filed until September 14, 2001. The certificate of service attached to the motion was also dated September 14, 2001. Therefore, the motion for new trial was not timely filed, and the trial court lacked jurisdiction to hear any issues which would result in the granting of a new trial. *State v. Givhan*, 616 S.W.2d 612 (Tenn. Crim. App. 1980); *State v. Carl Wayne Harris*, No. M2000-02145-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 826 (Tenn. Crim. App., Nashville, Oct. 12, 2001) *no perm. to appeal filed*. However, a challenge to the sufficiency of the evidence can be considered on appeal. *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). Furthermore, issues regarding sentencing, can also be reviewed on appeal. *State v. Jonathan Hart*, No. W2001-01924-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 53 (Tenn. Crim. App., Jackson, Jan. 21, 2003) *no perm. to appeal filed*. The State also asserts that the notice of appeal was not timely filed, but our review of the record indicates otherwise.

In his challenge to the sufficiency of the evidence, Defendant specifically asserts that there was insufficient evidence that the prohibition against driving was still in effect and that there was insufficient evidence that Defendant knew the prohibition was still in effect. In reviewing the record, we find these contentions to be without merit.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *State v. Abrams*, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984); *State v. Brewer*, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

Defendant first challenges the sufficiency of the evidence to show that the order prohibiting Defendant from operating a motor vehicle was still in effect. The Circuit Court Clerk testified that no petition to restore Defendant's driving privileges had been filed in the Circuit Court of Carroll County, and likewise, there was no order entered by the Circuit Court of Carroll County reinstating Defendant's driving privileges. Defendant seems to argue that there was a three-year period of prohibition against driving. This is not the situation. The applicable statute, Tennessee Code Annotated section 55-10-615, merely provides that a person who has been declared an habitual motor vehicle offender must wait at least three years before *applying* for reinstatement of the license. Tennessee Code Annotated section 55-10-613 provides that the order declaring the person to be an habitual motor vehicle offender shall order the offender not to operate a motor vehicle on the highways of the State of Tennessee, without any limitation as to the period that the prohibition against driving can exist.

Regarding Defendant's argument that the State failed to prove that he knew the prohibition was still in effect, we note that Tennessee Code Annotated section 55-10-616 provides in pertinent part as follows: "(a) It is unlawful for any person to operate any motor vehicle in this state while the judgment or order of the court prohibiting the operation remains in effect."

Patrolman Blaylock testified that Defendant told him that he (Defendant) did not have a driver's license at the time of the stop. Defendant signed the order prohibiting him from driving, and the order did not have a specific time period for the prohibition; it merely provided, as per applicable statutory law, that Defendant could *apply for reinstatement* of his driving privileges after the expiration of three years from the date of the order. The evidence indicates that no such petition was filed, and that no order was otherwise entered reinstating his driving privileges. Accordingly, the proof was sufficient to prove, beyond a reasonable doubt, all elements of the crime for which Defendant was charged. Defendant is not entitled to relief on this issue.

Defendant has raised sentencing issues, but failed to include a transcript of the sentencing hearing in the record. Therefore, all of the issues that he raised pertaining to the appropriateness of a two-year sentence, and the order of consecutive sentencing, are waived. *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998); *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993). Upon the lack of a transcript, we normally presume that the trial court's order regarding sentencing is appropriate, and we will not review the order of consecutive sentencing or the length of the sentence.

However, our review of the judgment shows that Defendant was sentenced to serve two years in the Department of Correction. An additional part of the judgment specifies that "24th Community Corrections after serving one year confinement." If the sentence ordered was a Community Corrections sentence, the "shock incarceration" cannot exceed thirty percent of the sentence. *Jonathan Thornton v. State*, No. E2003-00393-CCA-R8-PC, 2003 Tenn. Crim. App. LEXIS 239 (Tenn. Crim. App., Knoxville, Mar. 17, 2003) *no perm. to appeal filed*; *State v. Jeannie Hudson*, No. E2001-00377-CCA-R3-CD (Tenn. Crim. App., Knoxville, Feb. 19, 2002), *perm. to appeal denied* (Tenn. 2002). If the sentence is one of split-confinement, with probation supervised

by Community Corrections after a period of incarceration, likewise, the incarceration cannot exceed thirty percent of the total sentence of two years. The portion of the judgment for "probation" is not checked. The judgment clearly shows that he was sentenced to the Department of Correction for two years. The portion of the judgment specifying "24th Community Corrections" after serving one year of confinement is in conflict with a sentence of two years in the Department of Correction. Without the transcript of the sentencing hearing, we are unable to delineate from the record what the trial court specifically intended in its sentence. Therefore, we are remanding this matter for the trial court to enter an amended judgment to specify whether Defendant was sentenced to the Department of Correction, or whether he was sentenced to Community Corrections to serve a two-year sentence. If a split-confinement sentence was intended, the judgment should reflect that he was sentenced to the county jail or workhouse with incarceration in compliance with statutory and case law and probation supervised by Community Corrections. If the intention was to sentence him to Community Corrections for two years, the judgment should delete any reference to a sentence to the Department of Correction.

## CONCLUSION

We affirm the conviction and the sentence of two years consecutive to an unrelated sentence. However, we remand this matter to the trial court for entry of an amended judgment to clearly reflect the trial court's order on the manner of service of the two year sentence.

_____
THOMAS T. WOODALL, JUDGE