# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 20, 2004

## STATE OF TENNESSEE v. TERRY BYINGTON

### Direct Appeal from the Criminal Court for Sullivan County
### No. S45,791     Phyllis H. Miller, Judge

### No. E2003-02814-CCA-R3-CD
### April 30, 2004

A Sullivan County jury convicted the defendant, Terry Byington, of driving under the influence (DUI), fourth offense, and driving on a revoked license. The trial court ordered the defendant to serve an effective four-year sentence in confinement as a Range II multiple offender. On appeal, the defendant contends: (1) the evidence is insufficient to support his DUI conviction; (2) the arresting officer improperly presented expert testimony regarding field sobriety tests; (3) the trial court erred in ruling that the state could question the defendant regarding a prior perjury conviction more than ten years old; (4) the trial judge erred in refusing to recuse herself; and (5) his sentence is excessive. We affirm the judgments of the trial court.

### Tenn. R. App. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

George Todd East, Kingsport, Tennessee (on appeal); Stephen M. Wallace, District Public Defender; and William Andrew Kennedy, Assistant District Public Defender (at trial), for the appellant, Terry Byington.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and William B. Harper, II, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Officer Eric Alford, a patrol officer with the Kingsport Police Department, testified that on June 15, 2001, while traveling on East Stone Drive in Kingsport, Tennessee, he observed the defendant drive his pickup truck across the center line of a six-lane road twice within a short distance. Officer Alford stated he further observed the defendant's vehicle approach a yellow light at an intersection without slowing. The light changed to red as the vehicle entered the intersection, and the vehicle stopped in the middle of the intersection under the traffic light. Officer Alford initiated a traffic stop.

Officer Alford testified he observed a "very strong" odor of alcohol; the defendant's speech was slurred; and he appeared to be intoxicated. The defendant informed the officer that he had been to Hog Wild, a local bar, that he had consumed seven or eight beers, and that he knew he should not be driving.

Officer Alford asked the defendant to exit his vehicle and conducted a series of field sobriety tests. The officer testified the defendant performed "poorly" on the finger-to-nose test and touched his upper lip rather than the tip of his nose on two occasions. Officer Alford stated the defendant performed "[v]ery poorly" on the walk-and-turn test and was "staggering." The officer explained that he did not ask the defendant to perform the one legged stand test because "it was pointless as far as his balance and trying to perform the test accurately." Officer Alford testified that based upon his experience and observations, he believed the defendant was too intoxicated to operate a vehicle.

Upon transporting the defendant to the city jail, Officer Alford asked the defendant to take a breathalyzer test and explained the consequences of his refusal; nevertheless, the defendant refused. The officer subsequently learned that the defendant's license had been revoked.

The defendant did not testify at trial. The jury convicted him of DUI and driving on a revoked license. During the second phase of the bifurcated trial, the state introduced certified copies of judgments of three prior DUI convictions, and the jury convicted the defendant of DUI, fourth offense.

## I. WAIVER

The state contends the defendant failed to file a timely motion for new trial; thus, all issues except sufficiency of the evidence and sentencing are waived. The state is correct.

A motion for new trial "shall be made . . . within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b). This provision is mandatory, and the time for filing may not be extended. *See* Tenn. R. Crim. P. 45(b); *see also* State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997); State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). The thirty-day provision is jurisdictional, and an untimely motion is a nullity. Dodson, 780 S.W.2d at 780. It deprives the appellant of the opportunity to argue on appeal any issues that should have been raised in the motion for new trial. Martin, 940 S.W.2d at 569. Furthermore, the untimely filing of a motion for new trial does not toll the time for filing a notice of appeal; thus, an untimely motion for new trial will also result in an untimely notice of appeal. *See* State v. Davis, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987). Unlike the untimely filing of the notice of appeal, this court does not have the authority to waive the untimely filing of a motion for new trial. *See* Tenn. R. App. P. 4(a); State v. Givhan, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980). However, this court, in its discretion, may take notice of plain error which affects a substantial right of the defendant where it may be necessary to do substantial justice. Tenn. R. Crim. P. 52(b); State v. Johnson, 980 S.W.2d 414, 418 (Tenn. Crim. App. 1998).

The judgments in the instant case were filed on May 12, 2003. The defendant did not file a motion for new trial until June 27, 2003, well beyond the thirty-day requirement. Thus, the

untimely motion is a nullity. Although the defendant contends this court should recognize the filing as timely because his counsel believed the defendant had previously filed a motion for new trial, we are without authority to grant such relief. Because the defendant's motion for new trial was untimely, his notice of appeal filed on July 24, 2003, was also untimely. However, the defendant filed a motion asking this court to waive the timely filing of the notice of appeal in the interest of justice, and we previously entered an order granting that motion. In that order, however, this court took no position as to the effect of the untimely motion for new trial on the issues presented for our review.

Due to the untimely motion for new trial, the defendant has waived the following issues: (1) whether Officer Alford's testimony regarding field sobriety testing was inadmissible expert testimony; (2) whether the defendant's prior perjury conviction would be admissible if he had testified at trial even though the conviction was more than ten years old; and (3) whether the trial judge erred in failing to recuse herself from the proceedings. Furthermore, we have examined these issues for plain error and conclude they are totally without merit. *See* Tenn. R. Crim. P. 52(b). However, we will address the sufficiency of the evidence and sentencing issues because these issues are reviewable notwithstanding the untimely motion for new trial. *See* State v. Boxley, 76 S.W.3d 381, 390 (Tenn. Crim. App. 2001).

## II. SUFFICIENCY

The defendant contends the evidence is insufficient to support his conviction for DUI, fourth offense. Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

Tennessee law prohibits a person from driving or being in physical control of a motor vehicle on any of the state's public roads or highways while under the influence of an intoxicant. Tenn. Code Ann. § 55-10-401(a)(1). The fourth or subsequent DUI conviction constitutes a Class E felony. *Id.* § 55-10-403(a)(1).

Officer Alford testified he observed the defendant's vehicle cross the center line of a six-lane road on two occasions within a short distance. The defendant then approached a yellow light at an intersection without slowing and stopped in the middle of the intersection as the light changed to red. Upon conducting the traffic stop, the officer smelled the odor of alcohol and observed the defendant's speech was slurred. The defendant informed the officer that he had been to a bar, consumed seven or eight beers, and knew he should not be driving. Officer Alford stated the defendant performed poorly on the field sobriety tests and was too intoxicated to drive. During the second phase of trial, the state presented certified copies of judgments of three prior DUI

convictions. We conclude this evidence is sufficient to support the defendant's conviction for DUI, fourth offense.

In contesting the sufficiency of the evidence, the defendant identifies details of the arrest which Officer Alford was unable to recall. However, this argument relates to the officer's credibility as a witness, which is a matter entrusted exclusively to the jury as the trier of fact. The defendant questioned the officer regarding these details during cross-examination. However, the jury chose to accredit the officer's testimony and convict the defendant. This issue is without merit.

## III. SENTENCING

The defendant contends his sentence is excessive. Specifically, the defendant submits the trial court failed to apply certain mitigating factors and improperly weighed enhancement and mitigating factors. The defendant further maintains the trial court erred in denying alternative sentencing. We discern no error and decline to disturb the sentences imposed by the trial court.

### A. Sentencing Hearing

During the sentencing hearing, the defendant testified he obtained a GED and worked "pretty constant" as a sheet metal operator. The defendant stated he had served in the military and received a "discharge under honorable conditions" but not an honorable discharge. The defendant testified he successfully completed prior sentences involving probation and expressed a willingness to enter an alcohol treatment program; however, he admitted he had previously undergone alcohol treatment.

The defendant's presentence report, which was entered into evidence during the sentencing hearing, revealed prior convictions for perjury, violation of a habitual motor vehicle offender order, seven DUI/DWI's, driving on a revoked license, numerous public drunkenness violations, and numerous other misdemeanors.

### B. Trial Court's Findings

The trial court found the defendant qualified as a Range II multiple offender due to his two prior felony convictions. *See* Tenn. Code Ann. § 40-35-106(a)(1). The trial court applied enhancement factor (2), "[t]he defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." *See id.* § 40-35-114(2) (2003). The court applied mitigating factor (13), "[a]ny other factor consistent with the purposes of this chapter," due to the defendant's good work history. *See id*. § 40-35-113(13). The court assessed great weight to the enhancement factor and little weight to the mitigating factor. The court ordered concurrent sentences of four years for DUI-fourth and six months for driving on a revoked license for an effective four-year sentence.

In imposing confinement, the trial court properly noted that as a Range II offender, the defendant was not presumed to be a favorable candidate for alternative sentencing. *See id.* § 40-35-102(6). The trial court noted the defendant's extensive criminal history and that the defendant had

repeatedly engaged in the same type of criminal conduct. The court further found the defendant did not have a favorable potential for rehabilitation and denied alternative sentencing.

## C. Standard of Review

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999). In this case, the trial court's sentences are entitled to a presumption of correctness.

## D. Length of Sentences

The defendant contends the trial court improperly weighed the enhancement and mitigating factors. The weight given to each enhancement or mitigating factor is within the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The statutes prescribe no particular weight for an enhancement or mitigating factor. State v. Gosnell, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001). We conclude the trial court was well within its discretion to attribute great weight to the defendant's abominable criminal record. Although the defendant submits the trial court erred in failing to consider his family circumstances, social history, and past compliance with probation orders as mitigating factors, we conclude the trial court's imposition of the maximum sentences was clearly justified regardless of these factors.

## E. Alternative Sentencing

The defendant maintains the trial court erred in denying probation or some form of alternative sentencing. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, as previously stated, the defendant is not presumed to be a favorable candidate because he is a Range II multiple offender.

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated section 40-35-103(1):

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

In denying all forms of alternative sentencing, the trial court noted the defendant's extensive history of criminal conduct "which probably overshadows almost everything else." It consisted of two prior felonies, seven prior DUI/DWI's, and a host of additional misdemeanors. The court also noted the defendant lacked the potential for rehabilitation due to his continuous history of driving after consuming alcohol. We endorse the comments of the trial court indicating "it's one thing to be an alcoholic, it's another thing to be a drunk driver." We conclude the trial court properly ordered the defendant to serve his effective four-year sentence in confinement.

Accordingly, we affirm the judgments of the trial court.

_____
JOE G. RILEY, JUDGE