# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 13, 2010

## STATE OF TENNESSEE v. TAVARUS DETTERIO GRIFFIN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 08-01-0612     J. Weber McCraw, Judge**

---

**No. W2009-01000-CCA-R3-CD  -  Filed May 9, 2011**

---

Following a jury trial, Defendant, Tavarus Detterio Griffin, was convicted of two counts of aggravated robbery and two counts of aggravated kidnapping.  The trial court imposed an effective sentence of twenty years.  Judgments of conviction were entered on October 2, 2008.  An untimely motion for new trial was filed on January 30, 2009.  On May 12, 2009, the trial court entered an order purporting to *deny* the motion for new trial, rather than *dismissing* the untimely motion as requested in a written response filed by the State.  An untimely notice of appeal was filed May 12, 2009.  Defendant, through counsel, has raised only two issues on appeal: (1) whether Defendant was denied his right to due process and a fair trial because the jury pool was allowed to see Defendant in the courtroom wearing jail clothing and restrained by leg irons and handcuffs; and (2) whether counsel who represented Defendant throughout the trial and sentence hearing (who is not the same counsel who filed the motion for new trial) rendered ineffective assistance of counsel.  Because the only issues raised on appeal are waived as a result of not being included in a timely-filed motion for new trial, we conclude that this is not a case where timely filing of the notice of appeal should be waived.  Accordingly, Defendant's appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Javier Michael Bailey, Bolivar, Tennessee (on appeal) and William Hatton, Bolivar, Tennessee (at trial) for the appellant, Tavarus Detterio Griffin.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; D. Michael Dunavent, District Attorney General; and Joe L. VanDyke, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

Because Defendant does not challenge on appeal either the sufficiency of the evidence or the sentencing imposed by the trial court, we will not set forth the facts of the case which resulted in Defendant's convictions. However, we feel compelled to review procedural facts which result in our disposition of this appeal. For the purposes of clarification, we will refer to the attorney who represented Defendant through the trial and sentencing hearing as "trial counsel." The attorney who filed and presented the motion for new trial and continues to represent Defendant in this appeal will be referred to as "appellate counsel."

Just after the trial court imposed the sentences, the following colloquy occurred in the proceedings:

[Trial Counsel]:     Is the finding of the Court, the 135 days' credit, is that - -

THE COURT:     He is given 135 days' credit, yes. Thank you. [Trial Counsel], if your client wishes to file an appeal, I will appoint you to represent him.

[Trial Counsel]:     All right, I will go ahead and get that notice - - I didn't know if I needed to file a motion for new trial first. [sic]

THE COURT:     You may with regard to the consecutive sentencing issue. I think that's appealable by either party and certainly with regard to the issue on the trial, go ahead and prepare whatever motion needs to be prepared and we'll set that.

[Trial Counsel]:     Your Honor, I'll be appointed then for the appeal.

THE COURT:     Correct. Thank you, sir.

Trial counsel filed a motion to withdraw as counsel for Defendant approximately two weeks *before* the trial. While there is no order in the record disposing of the motion, we assume it was not granted because trial counsel did represent Defendant as noted above. The above-quoted colloquy occurred on the same day the judgments of conviction were entered, on October 2, 2008.

According to the record on appeal, absolutely nothing else occurred in this case (other than an order returning items of personal property to the victims) until January 30, 2009, when appellate counsel filed two motions on behalf of Defendant:

(1) Motion for New Trial Pursuant to Rule 37(D) [sic] of the Tennessee Rules of Criminal Procedure

(2) Motion for Reduction of Sentence Pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure

A motion to reduce sentence pursuant to Tennessee Rule of Criminal Procedure 35 must be filed within 120 days after the date the sentence is imposed. Tenn. Rule Crim. P. 35(a). Sentence was imposed on October 2, 2008, and the Rule 35 motion was filed 120 days later. Therefore, the Rule 35 motion was timely filed but there is nothing in the record that clearly shows the Rule 35 motion to reduce sentence was ever ruled upon or even presented to the trial court for a hearing. The trial court's order only "denied" the motion for new trial. The notice of appeal states only that Defendant "appeal[s] the judgment in this cause." Defendant does not raise the issue of the Rule 35 motion in the appeal and we will therefore not address it further.

Regarding the issues which Defendant has presented in his brief on appeal, we note that if found to have merit, either one of the issues would require a new trial, and not dismissal of the charges or modification of sentencing. As such, to be properly presented and not waived on appeal, the issues would have to be presented in a timely filed motion for new trial. Tenn. R. App. P. 3(e).

In its brief, the State has asserted that the appeal should be dismissed because the notice of appeal was not timely filed. The State correctly acknowledges that this Court can waive the timely filing of this notice of appeal in the interest of justice. Tenn. R. App. P. 4(a). A notice of appeal, to be timely filed in this case, would have had to be filed within 30 days of October 2, 2008, the day the judgments of conviction were entered, unless a timely filed motion for new trial was filed within 30 days of October 2, 2008.

Our court, in *State v. Vaughn*, 279 S.W.3d 584 (Tenn. Crim. App. 2008) aptly summarized the consequences when a motion for new trial is not timely filed:

Initially, we address the State's argument that this Court should dismiss the Defendant's appeal because his motion for a new trial was untimely filed. Tennessee Rule of Criminal Procedure 33(b) mandates that a defendant's motion for a new trial must be made within thirty days of the date the order of sentence is entered:
A motion for a new trial shall be in writing or, if made orally in open court, be reduced to writing, within thirty days *of the date the order of sentence is entered*. The court shall liberally grant

> motions to amend the motion for new trial until the day of the
> hearing on the motion for a new trial.

Tenn. R. Crim. P. 33(b) (emphasis added). A trial court does not have jurisdiction to rule on a motion filed outside the thirty-day period. *State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004). Consequently, "[i]f a motion for new trial is not timely filed, all issues are deemed waived except for sufficiency of evidence and sentencing." *Id*. (Citing *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997); *see also* Tenn. R. App. P. 3(e). Further, this Court does not have the authority to waive the untimely filing of a motion for a new trial. *State v. Givhan*, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980); *see also* Tenn. R. App. P. 4(a).

*Id*. at 593.

After the State argued that the appeal in the case *sub judice* should be dismissed for failure to timely file the notice of appeal, Defendant did not file a reply brief addressing that issue, or move to amend his brief to challenge the sufficiency of the evidence or the sentences imposed. The only two issues presented by Defendant on appeal are waived because they were not included in a timely filed motion for new trial. Accordingly, we conclude that it is not in the interest of justice to waive the timely filing of the notice of appeal. Accordingly, the appeal should be dismissed.

## CONCLUSION

This appeal is dismissed. The clerk of this Court shall send a copy of the judgment and the opinion in this case directly to Defendant as well as to Defendant's counsel of record.

_____
THOMAS T. WOODALL, JUDGE