IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 23, 2024 Session

## STATE OF TENNESSEE v. CLAUDE HARVEY BANNER

**Appeal from the Criminal Court for Carter County**
**No. 25275   Stacy L. Street, Judge**

_____

### No. E2023-01433-CCA-R9-CO
_____

The Defendant, Claude Harvey Banner, was convicted by a Carter County Criminal Court jury of attempted second degree murder and unlawful possession of a firearm. The trial court initially approved the verdicts as thirteenth juror but later granted the Defendant's untimely motion for a new trial. We granted the State's application for an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9 to consider whether the trial court lacked jurisdiction to grant a new trial in its capacity at thirteenth juror after the judgments were final. We reverse the trial court's order granting a new trial and reinstate the judgments of conviction.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Order of the Criminal Court Reversed, Judgments Reinstated, Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; Steven R. Finney, District Attorney General; Michael D. Rasnake and Dennis D. Brooks, Assistant District Attorney General, for the appellant, State of Tennessee.

Jeff Kelly (on appeal and at post-trial motions hearing); District Public Defender; Brennan M. Wingerter (on appeal), Assistant Public Defender – Appellate Division; Melanie Sellers, Assistant District Public Defender (at post-trial motions hearing); Donald E. Spurrell (at trial), Johnson City, Tennessee, for the appellant, Claude Harvey Banner.

## OPINION

The sole issue presented in this interlocutory appeal is whether the trial court had subject matter jurisdiction to grant the Defendant's motion for a new trial in its capacity as

thirteenth juror when the motion for a new trial was filed more than thirty days after the judgments were filed and the court had previously approved the jury's verdict in its capacity as thirteenth juror. *See* Tenn. R. Crim. P. 33(b) ("A motion for a new trial shall be in writing or, if made orally in open court, be reduced to writing, within thirty days of the date the order of sentence is entered."); *id.* at (d) (power of the trial court to grant of a new trial if verdict is against the weight of the evidence).

At the conclusion of the Defendant's March 15, 2022 trial, the jury found him guilty of two offenses:  attempted second degree murder and unlawful employment of a firearm during the commission of or the attempt to commit a dangerous offense.  The trial court filed an order on that date in which it approved the verdict as thirteenth juror. *See* Tenn. R. Crim. P. 33(d).  After sentencing the Defendant, the trial court filed the judgments on August 19, 2022.  Trial counsel filed a motion to withdraw on September 15, 2022, and the Defendant filed a pro se, electronically signed notice of appeal on the same date.  Trial counsel filed a motion for a new trial on September 26, 2022, which stated, "The defendant has orally moved the court previously for a new trial, but the court now desires that the motion be memorialized in writing."  The sole issue raised in the motion for a new trial was whether the evidence was sufficient to support the Defendant's convictions.  The court granted trial counsel's motion to withdraw, found that the Defendant was indigent, and on October 19, 2022, the court appointed the public defender as successor counsel to represent the Defendant.  Successor counsel filed a motion for arrest of judgment, and the court conducted a hearing on this motion and the motion for a new trial.  By order filed on May 22, 2023, the trial court granted the Defendant's motion for a new trial on the basis that the verdicts were against the weight of the evidence, reversing its previous acceptance of the verdicts in its capacity as thirteenth juror.  Thereafter, the State moved the trial court for permission to file an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9, and the court granted the motion as to the following question:  "whether [the trial] court lacked jurisdiction to revise [its] thirteenth (13th) juror ruling at the motion for new trial hearing as the motion for new trial was untimely filed and the judgments had become final."  This court granted the State's application, and the matter is now before us for disposition.

Against this backdrop, the State asserts that the trial court lacked jurisdiction to reconsider its ruling accepting the verdict and that the court erred in granting the Defendant's untimely motion for a new trial.  The Defendant counters that the State waived its jurisdictional argument by raising it for the first time on appeal.  The Defendant argues that the exceptional circumstances doctrine should be extended to apply in the present case, resulting in enforcement of the trial court's order granting a new trial, even though the court's action came after the judgments had become final.  The State counters that the exceptional circumstances doctrine, a convention of civil cases, has no application in an interlocutory criminal appeal.

-2-

"Subject matter jurisdiction is 'the power of a court to adjudicate the particular category or type of case brought before it.'" *Abdur'Rahman v. State*, 648 S.W.3d 178, 187 (Tenn. 2020) (quoting *Turner v. Turner*, 473 S.W.3d 257, 269 (Tenn. 2015)); *see State v. Cawood*, 134 S.W.3d 159, 162-63 (Tenn. 2004). Subject matter jurisdiction is not subject to waiver; indeed, it forms the basis for a court's authority to act. *Abdur'Rahman*, 648 S.W.3d at 187 (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)). An appellate court must always consider whether it has subject matter jurisdiction, without regard to whether the question is presented as an issue for review. T.R.A.P. 13(b). Because the determination of whether subject matter jurisdiction exists is a question of law, appellate review is de novo. *Cawood*, 134 S.W.3d at 163; *see Abdur'Rahman*, 648 S.W.3d at 187.

"As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1997); *see* T.R.A.P. 4(a), (c); *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). "A motion for a new trial shall be in writing or, if made orally in open court, be reduced to writing, within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b). The period for filing a motion for new trial cannot be extended, and a court exceeds its jurisdiction by acting on an untimely motion. *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997); *see State v. Dodson*, 780 S.W.2d 778 780 (Tenn. Crim. App. 1989); *State v. Givhan*, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1981). Therefore, the issues raised in an untimely motion for a new trial are considered waived on appeal, except sufficiency of the evidence and sentencing. *Bough*, 152 S.W.2d at 460; *see* T.R.A.P. 3(e).

The Defendant in the present case did not file a timely motion for a new trial. The judgments were filed on August 19, 2022. The motion for a new trial was not filed until September 26, 2022, more than thirty days later.[1] While still represented by counsel, the Defendant filed a premature, pro se notice of appeal on September 15, 2022. Although the filing of a notice of appeal generally deprives the trial court of jurisdiction, the trial court retains jurisdiction to act in limited circumstances, including upon a *timely* motion for judgment of acquittal and a *timely* motion for a new trial. T.R.A.P. 4(c), (e). We are mindful that a criminal defendant may not act pro se when represented by counsel. *See State v. Davis*, 141 S.W.3d 600, 615 n.12 (Tenn. 2004). We do not consider the pro se

---

[1] We are aware of trial counsel's contention in the trial court that he made a timely *oral* motion for a new trial. Rule 33(b) is clear: an oral motion must be reduced to writing within thirty days of the filing of the judgment.

notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3 to have any effect on the outcome of the present Rule 9 interlocutory appeal.[2]

Regarding the Defendant's argument that the State waived its opportunity to raise its timeliness argument by raising it for the first time on appeal, we underscore our duty to consider whether we have subject matter jurisdiction, without regard to whether the question is presented as an issue for review, as well as our supreme court's pronouncement that subject matter jurisdiction is not subject to waiver. *See* T.R.A.P. 13(b); *Abdur'Rahman*, 648 S.W.3d at 187 (citing *Meighan*, 924 S.W.2d at 639).

We move to the Defendant's argument that, notwithstanding the trial court's lack of subject matter jurisdiction to grant the Defendant a new trial, we should grant relief via the exceptional circumstances doctrine. The Defendant relies on our supreme court's decision in *Turner v. Turner*, 473 S.W.3d 257 (Tenn. 2015), a civil case involving termination of parental rights in which a party sought relief pursuant to Tennessee Rule of Civil Procedure 60.02. This rule permits a court to set aside a final judgment in certain circumstances, including voidness of the judgment, within one year after the judgment was filed. *See* Tenn. R. Civ. P. 60.02. However, the party seeking relief in *Turner* sought the benefit of the rule more than eight years after the judgment's entry. *Turner*, 473 S.W.3d at 260. Our supreme court held, as a matter of first impression, that a party in a civil action who had been the subject of a default judgment was entitled to a hearing to determine whether she was entitled to relief from a final judgment that was void for lack of personal jurisdiction. *Id.* at 260.

On previous occasions, this court has said that Tennessee Rule of Civil Procedure 60.02 has no application in criminal cases. *See George Campbell, Jr., v. State*, No. W2019-01526-CCA-R3-PC, 2020 WL 6793390, at *2 (Tenn. Crim. App. Nov. 18, 2020), *perm. app. denied* (Tenn. Feb. 5, 2021); *Carl J. Wagner v. State*, No. M2018-02000-CCA-R3-PC, 2019 WL 6332132, at *3 (Tenn. Crim. App. Nov. 26, 2019). However, the true fallacy of the Defendant's argument is explained in *Turner* itself. A court must have both personal jurisdiction over the parties and subject matter jurisdiction over the matter to be adjudicated. *Turner*, 473 S.W.3d at 269-70. However, "[t]he concepts of subject matter jurisdiction and personal jurisdiction are fundamentally different." *Id.* at 269 (citations omitted). Personal jurisdiction may be waived, but subject matter jurisdiction is never subject to waiver and, indeed, may be raised at any time. *Id.* at 270; *see Abhur'Rahman*, 648 S.W.3d at 187. As we have stated, the judgment in *Turner* was final but void for lack

---

[2] To the extent that the Defendant may wish to file a notice of appeal as of right through counsel after the disposition of this interlocutory appeal, we note that the timely filing of a notice of appeal may be waived by this court in the interests of justice. T.R.A.P. 3(b), (e), 4(a).

of personal jurisdiction. The Defendant's challenge to the judgments in the present case implicates the subject matter jurisdiction of the trial court to grant relief after the judgments became final. We are unpersuaded by the Defendant's argument and decline to extend the exceptional circumstances doctrine to afford him the benefit of the trial court's grant of a new trial after the judgments were final.

The trial court's order granting a new trial is vacated, and the judgments of conviction are reinstated. The case is remanded to the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE