IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 18, 2025

## STATE OF TENNESSEE v. MICHAEL STACEY JAMES MAY

**Appeal from the Criminal Court for Johnson County**
**No. 2018-CR-35     Lisa N. Rice, Judge**

———————————————————

### No. E2023-01755-CCA-R3-CD

———————————————————

The Defendant, Michael Stacey James May, was convicted by a Johnson County Criminal Court jury of first degree felony murder, aggravated kidnapping, conspiracy to commit especially aggravated kidnapping, extortion, and conspiracy to commit extortion. The trial court imposed an effective sentence of life plus twenty years. On appeal, the Defendant contends that the evidence is insufficient to support his conviction. However, because the appeal is untimely and the interest of justice does not require waiver of the timely filing of the notice of appeal, we dismiss the appeal.

### Tenn. R. App. P. Rule 3 Appeal as of Right; Appeal Dismissed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JILL BARTEE AYERS, JJ., joined.

Caleb C. McDaniel, Elizabethton, Tennessee, for the appellant, Michael Stacey James May.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Steven R. Finney, District Attorney General; and Dennis Brooks and Robin Ray, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The Defendant's convictions relate to his participation in the January 19, 2018 abduction, extortion, and abandonment of Carlton "Lovii" Edmondson in a dispute related to a purported drug transaction. The victim was brutally beaten by two of the Defendant's codefendants, and the victim was left to die from his injuries in a remote area in below-freezing temperatures. The victim's body was never found. The Defendant was charged

along with Robert Leroy Littleton, III; Leigh Katherine Littleton; Valerie Ann Dollar; Brittany Arnold; and James Combs. *See State v. Valerie Ann Dollar*, No. E2023-00531-CCA-R3-CD, 2024 WL 2353940, at *1 (Tenn. Crim. App. May 23, 2024); *State v. Robert Leroy Littleton, III*, No. E2022-00858-CCA-R3-CD, 2023 WL 8542597, at *1 (Tenn. Crim. App. Dec. 11, 2023). The Defendant was tried separately from his codefendants. Due to the procedural posture of this case, however, the underlying facts have little bearing on the disposition of the appeal.

The Defendant's sole issue on appeal challenges the sufficiency of the evidence to support his convictions. As a preliminary and potentially dispositive issue, the State contends that we should dismiss the appeal as untimely. Thus, an inquiry into the procedural history is relevant.

The trial court sentenced the Defendant and filed its judgments on October 13, 2022. At the sentencing hearing, the trial court advised defense counsel, "[Y]ou'll have to file . . . a motion for a new trial within the next 30 days from today . . . to preserve your standard of review." Defense counsel acknowledged his understanding, stating, "I'll get a bare-bones motion filed [in] the next 30 days, but it may take me some time to develop[.]" Nevertheless, counsel did not file a motion for a new trial until October 12, 2023, approximately eleven months after the deadline for such a pleading. *See* Tenn. R. Crim. P. 33(b). The trial court denied the motion on November 20, 2023, and the Defendant filed his notice of appeal on December 8, 2023.

"A motion for a new trial shall be in writing or, if made orally in open court, be reduced to writing, within thirty days of the date the order of sentence is entered." *Id*. The requirement that a motion for a new trial be filed within thirty days is mandatory and cannot be extended. *State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004); *see* Tenn. R. Crim. P. 45(b). A trial court does not have jurisdiction to determine the merits of an untimely motion for a new trial, and this court is not authorized to waive the untimely filing of a motion for a new trial. *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997); *see State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989); *State v. Givhan*, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980). Therefore, the issues raised in an untimely motion for a new trial are considered waived for purposes of appeal, except sufficiency of the evidence and sentencing. *Bough*, 152 S.W.2d at 460; *see* T.R.A.P. 3(e). Furthermore, an untimely motion for a new trial will generally result in an untimely notice of appeal, but the notice of appeal is not jurisdictional and may be waived in the interest of justice. *See* T.R.A.P. 4(a) (stating the notice of appeal shall be filed within thirty days after entry of the judgment from which a defendant appeals).

Thus, the Defendant's motion for a new trial was untimely, as was his notice of appeal. *See* Tenn. R. Crim. P. 33(b); T.R.A.P. 4(a). The question, then, is whether waiver

of the timely filing of a notice of appeal in this case serves the interest of justice. "'In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)).

Considering, first, the nature of the issue presented for review – sufficiency of the evidence – we acknowledge that this issue carries the potential for reversal of the Defendant's convictions and dismissal of the charges. The Defendant argues that the State's evidence failed to show that he committed the assault on the victim and made telephone calls to the victim's family seeking money. He also argues that the State's evidence failed to establish what happened to the victim, whose body was never recovered. Ultimately, he argues that the State failed to establish his criminal responsibility for the crimes perpetrated against the victim. The evidence at the trial, however, included a video recording that the Defendant made of the group of perpetrators threatening the victim and demanding that the victim call his family members for money to satisfy a purported drug debt. The video recording showed the victim asking for money on a telephone call and on a second telephone call made by some of the perpetrators, in which they made statements about the victim's need for the money and the intent to get the money "one way or another." A law enforcement officer familiar with the Defendant testified that the Defendant made statements on the video recording that the victim would leave the scene "leaking" and "all f----- up" and that the victim had "messed with the wrong boys." A second video recording made by a codefendant captured a brutal assault of the victim at the hands of some of the codefendants as the Defendant watched. The Defendant acknowledged in his testimony that he was present but claimed he had not wanted to be involved, despite his having abandoned the unconscious victim in a remote, wooded area, in below-freezing weather, and without a cell phone. We conclude, based upon the facts of this case, that the nature of the issue raised does not weigh in favor of waiving the timely filing of the notice of appeal. *See id.*

Next, we turn to "the reasons for and the length of the delay in seeking relief." *See id.* We are dismayed by the length of the delay in filing the motion for a new trial and, ultimately, the notice of appeal. The Defendant had thirty days from the filing of the judgments on October 13, 2022 to file his motion for a new trial, and defense counsel assured the trial court that he would. However, he failed to do so until one day shy of one year after the judgments were filed. Because no timely motion for a new trial was filed, the judgments became final thirty days after their filing. *See State v. Green*, 106 S.W.3d 646, 648 (Tenn. 2003) ("The general rule in Tennessee is that a judgment becomes final thirty days after entry unless a timely notice of appeal or a specified post-trial motion is filed.") (citing T.R.A.P. 4(a), (c). The Defendant's eventual, tardy motion for a new trial

had no effect because the judgments were already final. *See* Tenn. R. Crim. P. 45(b)(3); T.R.A.P. 3(e). The trial court remarked at the hearing on the motion for a new trial that the five defendants had been tried in succession and that, as a result, the preparation of the respective trial transcripts had been delayed. The court stated, "[T]he Court feels it is appropriate to hear this case or hear this Motion for New Trial despite the late filing[.]" However, the court's having ruled on the untimely motion did not validate the motion because the court lacked jurisdiction to consider it. *See Dodson*, 780 S.W.2d at 780. With regard to the court's concern that preparation of the transcripts had been delayed, we note that Tennessee Rule of Criminal Procedure 33(b) provides, "The court shall liberally grant motions to amend the motion for new trial until the day of the hearing on the motion for a new trial." We also note that the Defendant's trial counsel was the same attorney who prepared the motion for new trial and who continues to represent the Defendant on appeal. Thus, defense counsel was familiar with the trial proceedings and potential new trial and appellate issues.

The notice of appeal, filed on December 8, 2023, was approximately thirteen months too late, the judgments having become final thirty days after their October 13, 2022 filing. The Defendant did not move this court to waive the timely filing of the notice of appeal. Likewise, he has not addressed the State's waiver argument. *See* T.R.A.P. 27(c) (permitting an appellant to file a reply brief in response to relief sought by an appellee). We note, as well, that after the State filed its brief containing the waiver argument, we struck the Defendant's original brief because it did not comply with the Rules of Appellate Procedure and ordered the Defendant to file a brief that complied with the Rules. The brief the Defendant filed thereafter did not address the State's waiver argument. In the absence of both a request for waiver of the timely filing requirement and any reasonable explanation for the lengthy delay, we conclude that the reasons for and the length of the delay do not weigh in favor of waiving the timely filing of the notice of appeal. *See Rockwell*, 280 S.W.3d at 214.

Finally, we consider "any other relevant factors presented in the present case." *See id.* In the absence of any showing by the Defendant of other such relevant factors and upon our examination of the record, we conclude that no such factors exist. The record contains no reasonable explanation for the untimely filing of the notice of appeal, and we cannot conclude from a silent record that the interest of justice compels us to waive, *sua sponte*, the timely filing requirement. The rules of practice in the courts of this State have meaning, and the interest of justice compel our adherence to those rules, in the absence of any showing that a waiver of their requirements should be granted. This factor does not weigh in favor of waiving the timely filing of the notice of appeal. *See id.*

Having considered the *Rockwell* factors, we conclude that the interest of justice does not compel waiving the timely filing of the notice of appeal. In consideration of the foregoing and the record as a whole, the appeal is dismissed.

**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE