IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2013

## STATE OF TENNESSEE v. KEVIN LAMONT CHURCH

**Appeal from the Criminal Court for Davidson County**
**No. 2008-D-3395   Monte Watkins, Judge**

_____

**No.  M2012-02519-CCA-R3-CD - Filed February 4, 2014**
_____

A Davidson County Jury convicted Appellant, Kevin Lamont Church, of kidnapping and simple assault.  The trial court sentenced him to twelve years as a Range III, persistent offender.  The judgments were entered January 6, 2010.  A motion for new trial was never filed. On July 6, 2011, Appellant filed a post-conviction petition requesting a delayed appeal. The trial court granted the request on October 7, 2011, and Appellant filed a motion for new trial on November 8, 2011.  At the hearing on the motion for new trial, the State conceded that the simple assault conviction should be merged into the kidnapping conviction.  The trial court agreed and dismissed count two for assault.  The trial court denied the remaining arguments included in the motion on October 10, 2012.  Appellant subsequently filed a notice of appeal on November 13, 2012.   On appeal, Appellant argues that the evidence was insufficient to support his conviction for kidnapping.  The State argues that Appellant did not file a timely notice of appeal, and this Court should dismiss the appeal.  Although we agree with the State that the notice of appeal is untimely, we have decided to waive the timely notice of appeal in the interest of justice and address Appellant's claim that the evidence was insufficient to support his conviction of kidnapping on the merits.  We have thoroughly reviewed the record on appeal and conclude that the evidence was sufficient to support Appellant's conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Isaac T. Conner, Nashville, Tennessee, for the appellant, Kevin Lamont Church.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Bradshaw, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

In August 2008, Appellant and the victim were in a romantic relationship. The victim testified that she was at her cousin's house in Springfield when Appellant arrived with her daughter and her mother. He asserted that the man with whom the victim was in the house was not her cousin. The victim's daughter stated that it was the victim's cousin. The victim admitted that she had had a drug problem prior to the incident at hand and that there are often drugs present at her cousin's house. She stated that she did not go to her cousin's house with the intention of using drugs.

The victim stated that after Appellant confronted her, she got into her car with her daughter and her daughter's friend to return to Nashville. Appellant got into his car and also proceeded to Nashville. When they arrived in Nashville, Appellant asked the victim to speak with him. She got into his car, and he drove to an alley behind his house.

At this point, Appellant pulled out his penis and demanded that the victim perform fellatio. She refused. In response, Appellant hit the victim. He got out of the car, ran around to the passenger-side of the car, and dragged her out of the car. The victim estimated that he dragged her fifteen feet from the car to a shed. Appellant was choking the victim. He picked her up by the neck and threw her into the door of the shed which cracked the door. She stated that he choked her three times throughout the day.

At one point during their argument, the victim was pressed up against a truck in Appellant's backyard. Appellant told her to pull down her pants so that he could smell her private parts to determine if she had been cheating on him. After that, Appellant went to his car and threw the victim's purse out of his car.

The victim was yelling for help throughout the altercation. A man walked down the alleyway and asked Appellant what he was doing to the victim. Appellant got his gun out of his car and pointed it at the man in the alley. The victim told the man to leave so he would not get hurt. Appellant put the gun to the victim's head. He hit her in the head with the gun and called her names. Appellant told her to leave. The victim ran to her house which was down the street from Appellant's house. The victim called the police.

In the 911 call, the victim told the 911 operator that a friend down the street had "beaten [her] up real bad." The victim stated that Appellant had pulled a gun on her and hit her in the head with it. The victim told the operator that she was home with her grandmother,

2

her mother, and her daughter. The victim sounded very distraught. She stated that she wanted to take out a warrant so that Appellant could not hit her anymore.

Officer Amy Fulbright with the MetropolitanNashville Police Department responded. When she arrived, she discovered the victim. Officer Fulbright described the victim as fearful, frantic, afraid, and crying. Officer Fulbright testified that the victim had visible injuries, including a busted lip, abrasions on her shoulder, and red eyes. She also noticed that the victim's clothes were very dirty. She spent four hours with the victim. After Officer Fulbright finished interviewing the victim, she went to Appellant's house, but his parents said that he was at work. The victim told Officer Fulbright where Appellant worked, so Officer Fulbright and some other officers proceeded to Appellant's workplace and arrested him.

Detective Jason Orsbon works in the Domestic Violence Division of the Metropolitan Nashville Police Department. He took photographs of the victim the night of the incident. Detective Orsbon testified that the victim had red marks on her neck and the back of her ear. The victim's chin was red, and she had dried blood on her bottom lip. He noted trauma to the inside of the victim's lip. He took a photograph of what appeared to be road rash on the victim's shoulder because she told Detective Orsbon that Appellant dragged her. Detective Orsbon also took photographs of the victim's eyes which showed petechiae present in both her left and right eyes. Petechiae is an injury that is consistent with being strangled.

Appellant also testified at trial. He agreed that he and the victim were dating at the time in question. He stated that Appellant had a drug problem, and he went to Springfield to retrieve her from a crackhouse. He stated that the victim's daughter and mother showed him the crack house, and he got her and drove back to Nashville. He stated that he took her to the alley and confronted her about her drug use. He stated that she had a crackpipe and he tried to get it away from her. He admitted that they began to argue, and they were "scuffling." He also denied that he had a gun.

Appellant was indicted by the Davidson County Grand Jury for one count of aggravated kidnapping and one count of aggravated assault. Prior to trial, Appellant called the victim and asked her to not come to court to testify against him. The victim stated that she had to testify because she had been subpoenaed. Her parole officer told her that she would violate her parole if she did not appear at court. Appellant asked her not to go to court. The victim asked him why he had beaten her up. He responded that at the time he thought that she had been with someone else. Later in the telephone call he said that he was sorry for what he had done to her.

On September 21 and 22, 2009, a jury trial was held. At the conclusion of the trial,

3

the jury convicted Appellant of kidnapping and simple assault. The trial court sentenced Appellant as a Range III, persistent offender to twelve years for the kidnapping and eleven months and twenty-nine days for the assault. The sentences were ordered to be served concurrently with each other but consecutively to any other prior unexpired sentence. The trial court entered the judgments on January 6, 2010.

On February 5, 2010, newly-appointed, second trial counsel filed a "Motion for Transcripts and Time Extension for Filing [a] Motion for New Trial." On February 17, 2010, the trial court granted Appellant's motion for extension of time. A motion for new trial was never filed by second trial counsel. On July 6, 2011, Appellant filed a pro se "Application for Post Conviction Petition for Delayed Appeal." According to this application, Appellant's trial counsel, who filed the motion for extension of time to file the motion for new trial, had failed to file the motion for new trial. At the conclusion of the petition, Appellant requested an order granting a delayed appeal. On July 27, 2011, the trial court filed a preliminary order concluding that there may be a colorable claim in the petition. The trial court appointed counsel to represent Appellant for his petition for post-conviction relief. On August 31, 2011, appellate counsel filed a motion for extension of time to file an amended motion for post-conviction relief. On October 7, 2011, this motion was granted. The trial court minutes also state that the petition was granted and that appellate counsel was "appointed as counsel for motion for new trial." On November 8, 2011, post-conviction counsel filed a Motion for New Trial. The motion for new trial was heard on October 10, 2012. At the conclusion of the hearing, the trial court dismissed count two, the assault conviction. Otherwise, the motion for new trial was denied. There is no written order included in the technical record. Appellant filed a notice of appeal on November 13, 2012.

## ANALYSIS

The State argues that this appeal should be dismissed because Appellant failed to file a timely notice of appeal. Appellant argues only that the evidence was insufficient to support his conviction for kidnapping.

After the trial court granted the delayed appeal on October 7, 2011, a motion for new trial was filed November 8, 2011. On September 19, 2012, Appellant filed an amended motion for new trial. After conducting a hearing, the trial court denied the motion for new trial on October 10, 2012. Once again, there is no written order in the technical record but instead a page reflecting the minutes of the trial court. Subsequently, Appellant filed a notice of appeal on November 13, 2012.

A motion for new trial "shall be made . . . within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b). This provision is mandatory, and the time for

filing may not be extended.  *See* Tenn. R. Crim. P. 45(b); *see also State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997); *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989).  The thirty-day provision is jurisdictional, and an untimely motion is a nullity. *Dodson*, 780 S.W.2d at 780.  It deprives Appellant of the opportunity to argue on appeal any issues that should have been raised in the motion for new trial.  *Martin*, 940 S.W.2d at 569. Furthermore, the untimely filing of a motion for new trial does not toll the time for filing a notice of appeal; thus, an untimely motion for new trial will also result in an untimely notice of appeal.  *See State v. Davis*, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987).  A notice of appeal must be filed thirty days after either the judgment or, if a timely motion for new trial is filed, thirty days after the trial court rules on the motion for new trial.  Tenn. R. App. P. 4(c).

Unlike the untimely filing of the notice of appeal, this Court does not have the authority to waive the untimely filing of a motion for new trial.  *See* Tenn. R. App. P. 4(a); *State v. Givhan*, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980).  This Court has previously held that pursuant to Rule 3(e) "the failure to file a motion for a new trial, the late filing of a motion for a new trial, and the failure to include an issue in a motion for a new trial results in waiver of all issues which, if found to be meritorious, would result in the granting of a new trial." *State v. Keel*, 882 S.W.2d 410, 416 (Tenn. Crim. App. 1994) (footnote omitted).  In other words, an untimely motion for new trial waived appellate consideration of all issues other than sufficiency of the evidence and any other matters the relief from which would not result in a new trial.  *See* Tenn. R. App. P. 3(e), 36(b).

Here, the thirty day time period began to run on October 7, 2011, the date it granted the delayed appeal.  Appellant filed the motion for new trial on November 8, 2011.  To calculate the 30 days, the date the judgment was entered is not included and the period begins the following day.  Tenn. R. Civ. P. 6.01.  The last day of the time period is included unless it is a Saturday, Sunday, or legal holiday.  Tenn. R. Civ. P. 6.01.  Because the time period is thirty days, intermediate Saturdays, Sundays, and legal holidays are included.  Tenn. R. Civ. P. 6.01.  By our calculations, thirty days from October 7, 2011 is November 6, 2011, which was a Sunday, so Appellant had until November 7, 2011 to file his motion.  Therefore, the motion was untimely.

The trial court did review the motion despite the fact that the trial court did not have jurisdiction to hear and determine the merits of the untimely motion for new trial.  The trial court's "erroneous consideration [and] ruling on a motion for new trial not timely filed . . . does not validate the motion."  *Martin*, 940 S.W.2d at 569 (citing *Dodson*, 780 S.W.2d at 780).  Because the untimely filing of a motion for new trial does not toll the time for filing a notice of appeal, a late filed motion for new trial will generally result in an untimely notice of appeal.  *State v. Patterson*, 966 S.W.2d 435, 440 (Tenn. Crim. App. 1997); *Davis*, 748

S.W.2d at 207. In the case herein, the trial court denied the untimely motion for new trial on October 10, 2012. Therefore, Appellant had thirty days after the entry of the judgment, October 7, 2011, to file the notice of appeal. We also point out that even if the trial court's ruling on the motion for new trial on October 10, 2012, is used, Appellant's notice of appeal is still untimely. The trial court ruled on October 10, 2012, and by our calculations the thirty days ends on November 9, 2012. Appellant filed his notice of appeal on November 13, 2012.

Although Appellant's issue, the sufficiency of the evidence, need not be raised in a motion for new trial in order to secure appellate review, *see State v. Boxley*, 76 S.W.3d 381 (Tenn. Crim. App. 2001), there is no automatic appeal of this issue to this Court. Either the timely filing of a notice of appeal must occur, or a waiver of the timely filing of a notice of appeal must be obtained from this Court in order to perfect an appeal. Tenn. R. App. P. 4(a). This Court has commented:

> An attorney who fails to perfect a timely appeal from the entry of a judgment places his client's appeal in peril of dismissal. *See* T[enn]. R. A[pp]. P. 4(a). Although certain post-judgment motions may suspend the time for filing the notice of appeal, none of those motions were timely filed in this case. *See* T[enn]. R. A[pp]. P. 4(c). However, Rule 4(a) provides that the notice of appeal "is not jurisdictional and the filing of such document may be waived in the interest of justice." T[enn]. R. A[pp]. P. 4(a). "In determining whether waiver is appropriate, this Court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, Davidson County, slip op. at 2 (Tenn. Crim. App. Dec. 27, 2005).

*State v. Baldomero Galindo*, No. E2009-00549-CCA-R3-CD, 2010 WL 4684469, at *13 (Tenn. Crim. App., at Knoxville, Nov. 19, 2010), *perm. app. denied*, (Tenn. Apr. 13, 2011).

The notice of appeal in criminal cases is not jurisdictional, and can be waived by this court "in the interests of justice." Tenn. R. App. P. 4(a). We have decided to waive the timely notice of appeal in the interest of justice.

### Sufficiency of the Evidence

We now address Appellant's issue that the evidence was insufficient to support his kidnapping conviction.

6

When a defendant challenges the sufficiency of evidence, the relevant question is whether any trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). In making this decision this Court is to afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate interests that may be drawn therefrom." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). A guilty verdict that has been rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflict in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The guilt of a defendant may be predicated upon direct evidence, circumstantial evidence, or a combination of the previous two. *See State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Although the accused is originally cloaked by a presumption of innocence, a guilty jury verdict removes this presumption and replaces it with a presumption of guilt, thus, placing the burden of proof with the defendant to show insufficiency of the evidence on appeal. *Tuggle*, 639 S.W.2d at 914. As such, questions concerning the weight and value to be given to evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact; this Court is precluded from re-weighing the evidence when evaluating the convicting proof, nor may we substitute our own inferences for those formed by the trier of fact from circumstantial evidence. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990); *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

"The standard of review is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)). Here, Appellant was convicted of kidnapping, as a lesser included offense of especially aggravated kidnapping. When a defendant is convicted of a lesser included offense, the defendant may challenge the sufficiency of the evidence even if the proof is not sufficient to support the primary offense. *State v. Parker*, 350 S.W.3d 883, 909 (Tenn. 2001). When convicted of the lesser included offense, the proof must be sufficient to support each and every element of the conviction offense to sustain a conviction. *Id.* "If every element is not supported by sufficient proof, the defendant is entitled to a reversal of the conviction." *Id.*

Initially, we point out that in his brief Appellant argues that the evidence was insufficient to support his conviction which he alternatively states is for aggravated kidnapping and then for especially aggravated kidnapping. However, according to the judgment in the record, Appellant was convicted of kidnapping. Therefore, our analysis is confined to whether the evidence was sufficient to support a conviction of kidnapping.

"Kidnapping is false imprisonment as defined in § 39-13-302, under circumstances exposing the other person to substantial risk of bodily injury." T.C.A. § 39-13-303(a). False imprisonment is defined in the following manner, "A person commits the offense of false imprisonment who knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty." T.C.A. 39-13-302(a).

At trial, the victim testified that Appellant physically dragged her from the car to a shed fifteen feet away. She stated that Appellant physically held her against her will up against both the shed door and later against a truck in his backyard. He choked her and hit her in the head with his gun. Clearly, these incidents constitute interfering with the victim's liberty and exposing her to the risk of serious bodily injury.

Appellant argues that there was not sufficient evidence independent of the victim's testimony to corroborate the victim's version of events to support his conviction. We disagree. Both officers who testified at trial stated that there were physical markings on the victim that were consistent with the altercation to which she testified. She had road rash which would corroborate her testimony that Appellant dragged her. She had petechiae present in both of her eyes which is evidence of strangling. Furthermore, the State played the telephone call between Appellant and the victim. In that call, Appellant did not deny the victim's allegations, but rather apologized for what he had done to her. We consider the above evidence sufficient corroboration of the victim's testimony.

Therefore, we conclude that this issue is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

8